**Vickie Michelle COLE, Plaintiff,**

v.

**GREAT ATLANTIC & PACIFIC TEA CO. d/b/a A & P, Middlesboro, Kentucky, Defendant.**

**Civ. A. No. 89-221.**

United States District Court, E.D. Kentucky, London.

Jan. 17, 1990.

**1306**

Michael A. Taylor, Middlesboro, Ky., for plaintiff.

Robert M. Connolly, Ashley W. Ward, Lexington, Ky., for defendant.

### MEMORANDUM

SILER, Chief Judge.

This matter is before the Court on the defendant's Notice of Removal, the plaintiff's Motion to Remand for lack of subject matter jurisdiction, and the defendant's Motion for Partial Summary Judgment. For the reasons set forth below, the plaintiff's motion to remand will be granted and the defendant's motion for partial summary judgment will be denied.

### I.

The plaintiff, Vickie Michelle Cole (Cole), alleges that the defendant's employees falsely accused her of stealing a carton of cigarettes. She seeks damages for outrageous conduct, defamation, severe emotional and physical pain, and loss of enjoyment of life. She also asks for punitive damages and costs.

As required by Ky.R.Civ.P. 8.01, Cole alleges in her state court complaint only that damages will exceed the requisite state court jurisdictional amount of

$4,000.00. Removal is predicated on diversity of citizenship. While Cole does not contest the diversity of the parties, she does challenge the amount in controversy by supporting her remand motion with a stipulation that the unliquidated damages in this case will not exceed $40,000.00, thus falling short of the $50,000 requirement in 28 U.S.C. § 1332. The defendant, Great Atlantic & Pacific Tea Company (A & P), argues that this stipulation comes too late to alter the Court's jurisdiction, but does support summary judgment with respect to any damages that might exceed $40,000.00.

## II.

■ Statutory provisions providing for the removal of certain cases from state to federal courts have been in existence since the original Judiciary Act of 1789. *See* Act of September 24, 1789, 1 Stat. 73 c. 20. Diversity jurisdiction protects a nonresident plaintiff from local bias that might be encountered because the plaintiff is a "foreigner." This is the same policy promoted on behalf of a defendant when he or she invokes a federal court's subject matter jurisdiction by removing on diversity of citizenship grounds. *See generally* J. Friedenthal, M. Kane & A. Miller, *Civil Procedure* § 2.11 (1985).

■ The present statute authorizing removal, 28 U.S.C. § 1441, provides that an action is removable only if it could have initially been brought in federal court. Thus, a defendant desiring to remove a case has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28, 99 S.Ct. 1905, 1913 n. 28, 60 L.Ed.2d 508 (1979); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354 (E.D.Mich.1988).

■ Concern about encroaching on a state court's right to decide cases properly before it requires this Court to construe removal jurisdiction narrowly. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

As former Chief Judge Swinford has compellingly reasoned, where there is doubt, the Court must remand:

> It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely within its jurisdiction as that jurisdiction is stated by the act or acts of Congress in conformity to the Judiciary Articles of the Constitution. This court has a responsibility to accept jurisdiction in all proper cases. It has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction.

*Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky.1967), *quoted in Saylor v. General Motors Corp.*, 416 F.Supp. 1173 (E.D.Ky.1976). *See also Breymann v. Pennsylvania, O. & D.R.R.*, 38 F.2d 209, 212 (6th Cir.1930); *University of Tennessee v. U.S. Fidelity & Guar.*, 670 F.Supp. 1379, 1387 (E.D.Tenn.1987).

In *Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938), the Supreme Court acknowledged that the assumptions underlying diversity methodology in an original action are different than those embraced in the removal context. In *Saint Paul Mercury* the Court refused to remand an action, properly removed according to the original complaint, when an amended complaint failed to meet the amount in controversy requirement. The Court concluded that when a plaintiff relies on diversity jurisdiction to enter the federal courthouse there is always the concern that he or she will inflate the claim. *Id.* at 290, 58 S.Ct. at 591. Moreover, there is a possibility that the defendant will collusively acquiesce to an inflated claim to invoke federal jurisdiction. *Id.* Therefore, a plaintiff's "good faith in choosing a federal forum is open to challenge not only by resort to the

face of his complaint, but by the facts disclosed at trial...." *Id.*

In contrast, the Court assumed that when a defendant removes a case, concern about an inflated claim is not present and thus the standard for determining the amount in controversy should not be as strict. As there is a need for certainty to allow the defendant to make a prompt removal decision, the "status of the case as disclosed by the plaintiff's complaint is controlling." *Id.* at 291, 58 S.Ct. at 591; *see also Albright v. R.J. Reynolds Tobacco Co.*, 531 F.2d 132 (3d Cir.), *cert. denied*, 426 U.S. 907, 96 S.Ct. 2229, 48 L.Ed.2d 832 (1976). Consequently, "events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." *Saint Paul Mercury Indem. Co., supra,* 303 U.S. at 289–90, 58 S.Ct. at 590–91. It is these assumptions on which A & P rests its opposition to Cole's motion to remand.

### III.

■ This case presents an anomaly. Kentucky law prevents the plaintiff from pleading an unliquidated amount in controversy with any degree of specificity. Ky. R.Civ.P. 8.01. Therefore, A & P had only the bare statement of the claim and minimal jurisdictional allegations of the complaint on which to base its removal decision. In essence, the plaintiff's complaint did not disclose the status of the case for removal purposes. This state of affairs does not, however, excuse a defendant from meeting its burden of informing the Court of the jurisdictional grounds that justify removal. *McNutt, supra,* 298 U.S. at 189, 56 S.Ct. at 785.

When faced with an indeterminate state court complaint, one that is insufficient on its face to be of much help to a defendant

trying to remove, federal courts have generally selected one of three alternatives: (1) looked to the petition for removal[1] to measure the amount in controversy, *see Davenport v. Proctor & Gamble Mfg. Co.,* 241 F.2d 511 (2d Cir.1957); *Family Motor Inn, Inc. v. L–K Enterprises Div. Consol. Foods Corp.,* 369 F.Supp. 766 (E.D.Ky. 1973); (2) made an independent appraisal of the amount in controversy or suggested that the defendant do so, *see Fontenot v. Global Marine, Inc.,* 703 F.2d 867 (5th Cir.1983); or (3) remanded the action, *see Gaitor v. Peninsular & Occidental S.S. Co.,* 287 F.2d 252 (5th Cir.1961). *See generally* 14 C. Wright, A. Miller & E. Cooper *Federal Practice and Procedure* § 3725 (1985). These cases reflect a federal court's willingness, indeed its responsibility, to make an independent subject matter jurisdictional determination rather than rely solely on a conclusory assertion of the defendant. *McNutt, supra,* 298 U.S. at 184, 56 S.Ct. at 783; *Ross v. Inter–Ocean Ins. Co.,* 693 F.2d 659, 660 (7th Cir.1982); *Colorado Life Co. v. Steele,* 95 F.2d 535 (8th Cir.1938) (holding that court should make an independent determination of the amount in controversy).

■ In light of Cole's stipulation, the record in this case now indicates that the amount in controversy will not be met. A & P argues that as the stipulation came after it had filed its Notice of Removal, the rule of *Saint Paul Mercury* applies. This is not the case. The concern of the *Saint Paul Mercury* Court was that a plaintiff faced with the prospect of litigating a case in federal court, after having filed in the state court, might alter the complaint to defeat removal. Thus, a defendant who made an appropriate and timely removal decision could never do so confidently. There would always be the prospect that removal would ultimately be defeated by a plaintiff willing to change his mind and

---

1. In 1988 Congress passed the Judicial Improvements and Access to Justice Act (Act). Pub.L. No. 100–702. Section 1016 of the Act amends the removal statute to, among other things, substitute a notice of removal for the petition of removal. By requiring a "short and plain statement of the grounds for removal" rather than the "facts" justifying removal, Congress sought to eliminate the possibility that 28 U.S.C. § 1446(a) might require fact pleading in petitions for removal. Congress also made explicit the applicability of Fed.R.Civ.P. 11 to notices of removal. *See generally* 1A *Moore's Federal Practice* ¶ 0.168[3.—4].

seek less of a recovery when faced with litigating in federal court. "If the plaintiff could, no matter how *bona fide* his original claim in state court, reduce the amount of his demand to defeat federal jurisdiction the defendant's supposed statutory right of removal would be subject to the plaintiff's caprice." *Saint Paul Mercury, supra,* 303 U.S. at 294, 58 S.Ct. at 593.

Because of Kentucky's rule prohibiting unliquidated damage allegations, A & P's removal decision, albeit made in good faith, could only have been based on speculation. As a result of the nature of the claim, the complaint provides virtually no substance relating to the extent of Cole's alleged injury and, therefore, no clue as to its removability. Unlike the *Saint Paul Mercury* scenario, Cole's subsequent stipulation did not have the effect of changing the information on which A & P relied, but instead providing the information for the first time. The practical result is that when faced with a complaint effectively silent as to damages, the defendant should make an independent inquiry as to the extent of damages or run the risk of remand when the plaintiff, as here, provides that information. *Cf. Robinson v. Quality Ins. Co.,* 633 F.Supp. 572 (S.D.Ala.1986) (removing defendant bears the burden of establishing jurisdiction even when faced with indeterminate complaint); *Kaneshiro v. North Am. Co. for Life and Health Ins.,* 496 F.Supp. 452, 462 (D.Haw.1980) (Where the initial pleading is indeterminate "the defendant is put on inquiry notice by the plaintiff's initial pleading and must inquire of the plaintiff the jurisdictional facts necessary to the petition to remove." (footnote omitted)). Kentucky Rule of Civil Procedure 8.01 provides as much, noting that "[w]hen a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories...."

The statutory provision outlining the removal procedures, 28 U.S.C. § 1446, is consistent with the result reached by this Court. The time limits of § 1446 specifically acknowledge situations where the complaint is inadequate, yet removal is ultimately achieved:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or *otherwise,* of a copy of an amended pleading, motion, order or *other paper* from which it may *first be ascertained* that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (Emphasis added.). *See, e.g., Bonnell v. Seaboard Air Line R.R. Co.,* 202 F.Supp. 53 (N.D.Fla.1962) (holding that where complaint alleged only state jurisdictional requirement, § 1446(b) time limit began to run at point that request for admission as to amount in controversy was deemed admitted); *Hamilton v. Hayes Freight Lines, Inc.,* 102 F.Supp. 594 (E.D.Ky.1952) (holding that an Answer in a collateral proceeding qualified as "other paper" for purposes of applying the time limit of § 1446(b)). This rule conforms with *Saint Paul Mercury* as it applies only when the complaint does not state a removable case, not when a plaintiff files an action that is removable and then changes the status of the case to defeat removal.

A & P argues that regardless of Cole's stipulation as to unliquidated damages, the addition of possible liquidated damages satisfies the amount in controversy requirement. Perhaps the record in this case will so develop, but it has not yet done so. If evidence of liquidated damages emerges, then the provisions of § 1446 will apply. *See Rollwitz v. Burlington Northern R.R.,* 507 F.Supp. 582 (D.Mont.1981).

### IV.

A & P contends that even if the Court chooses to remand this case, it should grant summary judgment as to the stipulation on damages. Granting summary judgment, however, is inconsistent with remanding. The decision to remand is one based on subject matter jurisdiction. This determination is about a court's power. Article III of the Constitution allows Con-

gress to establish a system of lower federal courts and circumscribe the scope to their judicial power. U.S. Const. art. III, § 1. By remanding, the Court effectively holds that Congress has not given it the power to hear this type of case. Indeed, to allow "a federal trial court to enter a judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit ... would ... work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them." *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951). Lacking subject matter jurisdiction, the Court simply has no authority to grant A & P's motion for partial summary judgment.

## V.

For the reasons set forth above, the plaintiff's motion to remand will be granted for lack of subject matter jurisdiction, 28 U.S.C. § 1447(c), and thus the defendant's motion for partial summary judgment will be denied.[2]

---

**2.** The inability of this Court to grant partial summary judgment does not mean that Cole is free to change her stipulation without consequence. As a matter of Kentucky law, a plaintiff is bound by the amount claimed for unliqui-dated damages in an answer to interrogatories. Ky.R.Civ.P. 8.01(2). Moreover, as already noted, a change in the amount in controversy may, in the future, allow A & P to invoke this Court's subject matter jurisdiction.