**Albert PARNELL, Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

**Civil Action No. 1:96CV–192–D.**

United States District Court, W.D. Kentucky.

April 16, 1997.

Eric Bearden, Bowling Green, KY, for plaintiff.

William J. Rudloff, Bowling Green, KY, for defendant.

### *MEMORANDUM OPINION AND ORDER*

DIXON, United States Magistrate Judge.

Plaintiff, Albert Parnell ("Parnell"), has moved the Court pursuant to 28 U.S.C.

§ 1447(c) to remand this case to the Hart County Circuit Court (DN 10).[1] Filed contemporaneously with the motion is a document in which plaintiff's counsel "stipulates and certifies" that the claim against defendant is for less than the jurisdictional amount of $50,000.00 (DN 9). The defendant's response indicates that plaintiff is insured by the defendant under three motor vehicle insurance policies which include underinsured motorist coverage of $50,000.00 per person and $100,000.00 per accident (DN 12). Defendant points out if the three underinsured motorist coverages are "stacked" as required by *Allstate Insurance Company v. Dicke*, 862 S.W.2d 327 (Ky.1993), then the amount in controversy and the anticipated monetary cost to defendant is in the amount of $150,-000.00 which is far in excess of the $50,000.00 jurisdictional requirement. *See* 28 U.S.C. §§ 1332(a) and 1441(a). In his reply plaintiff points out that paragraph 12 of the complaint asserted in good faith that the amount in controversy is in excess of the minimum dollar amount necessary to establish jurisdiction in the circuit court but less than $50,000.00 (DN 18; DN 1). Plaintiff points out that defendant has merely asserted that under Kentucky law there is $150,000.00 in available insurance coverage (DN 18). Plaintiff suggests that the Court look at the actual damages rather than the insurance coverage potentially available (DN 18).

District courts have original jurisdiction over all civil actions where the matter in controversy "exceeds the sum or value of $50,000.00, exclusive of interest and costs," and there is diversity of citizenship. 28 U.S.C. § 1332(a). The statute authorizing removal, 28 U.S.C. § 1441(a), provides that any civil action brought in a state court may be removed by the defendant to the district court provided the action could have initially been brought in federal court. *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D.Ky.1990). At issue herein is whether the amount in controversy exceeds the sum or value of $50,000.00, exclusive of interest and costs. There is no dispute that diversity of citizenship exists.

Inasmuch as plaintiff is "master of the claim, a claim specifically less than the federal requirement should preclude removal." *Gafford v. General Electric Company*, 997 F.2d 150, 157 (6th Cir.1993). (Citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294, 58 S.Ct. 586, 592, 82 L.Ed. 845 (1938)). The Supreme Court in *St. Paul* indicated that if a plaintiff does not wish to try his case in the federal court then he may chose to sue for less than the jurisdictional amount even though he would be justly entitled to more and the defendant cannot remove the action to a federal court. *St. Paul*, 303 U.S. at 294, 58 S.Ct. at 592. However, state counterparts to Rule 54(c) of the Federal Rules of Civil Procedure may enable a plaintiff to claim in his or her complaint an amount lower than the federal amount in controversy requirement in an attempt to defeat federal jurisdiction, "while actually seeking and perhaps obtaining damages far in excess of the federal requirement." *Gafford*, 997 F.2d at 157–158. In those instances, courts have considered allowing removal where the defendant establishes by a "substantial likelihood" or a "reasonable probability" that the plaintiff intends to seek damages in excess of the federal amount in controversy requirement. *Gafford*, 997 F.2d at 157–158 (citing *Vail v. Orkin Exterminating Co.*, 1991 WL 134275 (N.D.Ill. July 12, 1991)) (employing the "substantial likelihood" test when plaintiff's complaint included an ad damnum clause limiting damages to an amount below the federal requirement); *Cole v. Freightliner Corp.*, 1991 WL 42163 (N.D.Ill. Mar.21, 1991) (applying the "reasonable probability" test when plaintiff's complaint specifically prayed for damages less than the federal requirement); 14A Federal Practice & Procedure, Charles A. Wright, Arthur R. Miller & Edward H. Cooper, § 3725 at 424–427.

Paragraph 12 of the complaint asserts that the amount in controversy is in excess of the minimum dollar amount necessary to estab-

---

**1.** A section of the motion to remand is entitled "AFFIDAVIT" (DN 10). In this affidavit section plaintiff's counsel indicates that he is willing to certify and stipulate that plaintiff's claim against the defendant is for less than the jurisdictional amount of $50,000.00 (DN 10). The undersigned notes that the affidavit is not notarized.

448

lish jurisdiction in the circuit court but less than $50,000.00 (DN 1). The assertion in Paragraph 12 complies with Ky.R.Civ.P. 8.01(2). However, plaintiff's assertion that the amount in controversy is less than $50,000.00 does not actually limit plaintiff from seeking and perhaps obtaining damages far in excess of the federal requirement. *See,* Ky.R.Civ.P. 8.01(2) and 54.03(1). Furthermore, plaintiff alleged in his complaint that he has "sustained severe and permanent bodily injuries for which he has in the past and will in the future, suffer great physical and mental pain and anguish" (DN 1, plaintiff's complaint at paragraph 4). Plaintiff alleged that he has "suffered permanent impairment of his power to labor and earn money and has sustained a permanent injury and is at a great risk of future bodily harm" (DN 1, plaintiff's complaint at paragraph 6). Plaintiff further alleged that as a result of the tortfeasor's conduct in the motor vehicle accident, plaintiff is entitled to recover punitive and exemplary damages (DN 1, plaintiff's complaint at paragraph 8). Plaintiff alleged that since his damages exceed the available liability coverage for the tortfeasor then plaintiff is entitled to recover benefits under his underinsured motorist policy with the defendant herein (DN 1, plaintiff's complaint at paragraph 11).

The Court concludes that it is facially apparent that the damages sought by plaintiff are likely to exceed $50,000.00. *See, Vail v. Orkin Exterminating Co.,* 1991 WL 134275 (N.D.Ill. July 12, 1991); *Cole v. Freightliner Corp.,* 1991 WL 42163 (N.D.Ill. Mar.21, 1991); 14A Federal Practice § 3725 at 424–427. Therefore, it seems unfair to the defendant to consider the affidavit and stipulation filed by plaintiff's counsel because said documents were filed after the action was removed to the federal court. *See, De Aguilar v. The Boeing Company,* 11 F.3d 55, 57–58 (5th Cir.1993); *Shaw v. Dow Brands, Inc.,* 994 F.2d 364 (7th Cir.1993).

The Court, therefore concludes that plaintiff's motion to remand (DN 10) is **DENIED.**