Clara FENGER, D.V.M.,
Ph.D. Plaintiff

v.

IDEXX LABORATORIES,
INC. Defendant

No. CIV.A. 01–471–KSF.

United States District Court,
E.D. Kentucky.

April 5, 2002.

Henry E. Davis, Webb, Hoskins, Glover & Stafford, P.S.C., Lexington, KY, for Clara Fenger, D.V.M., Ph.D., plaintiffs.

Joseph L. Hamilton, Matthew W. Breetz, Stites & Harbison, Louisville, KY, for Idexx Laboratories, Inc., Blue Ridge Pharmaceuticals, Inc., a Delaware Corporation, defendants.

## OPINION & ORDER

FORESTER, Chief Judge.

This matter is before the Court upon the following motions: plaintiff's motion to remand [DE # 2]; defendant's motion to

dismiss the complaint [DE # 4]. The time for briefing has expired and these motions are ripe for review.

## I.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND

The plaintiff veterinarian entered into a professional services agreement with the defendant and its subsidiary, Blue Ridge Pharmaceuticals, Inc., on May 10, 1999. Pursuant to this agreement, the plaintiff was to perform services related to research, development, and government regulation of animal pharmaceuticals.

On July 31, 2001, the defendant's Vice President of Research and Development notified the plaintiff that defendant was terminating her position as of August 31, 2001. On August 31, 2001, counsel for the plaintiff mailed a letter to the defendant's counsel offering to settle the controversy arising from the plaintiff's termination for $56,000 in lieu of filing the law suit attached to the letter. The plaintiff then filed suit in Fayette Circuit Court on October 26, 2001 alleging breach of contract.

On November 28, 2001, the plaintiff filed a motion to remand this action to state court. In support of the motion to remand, the plaintiff has attached an affidavit limiting her damages sought to $54,000.[1] The defendant has failed to respond to the plaintiff's motion to remand.

## II.  ANALYSIS

■ The defendant removing a case has the burden of establishing the diversity jurisdiction requirements of an original federal court action. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 612 n. 28, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979); *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189, 56

S.Ct. 780, 80 L.Ed. 1135 (1936); *Mitchell v. White Castle Systems*, 1996 WL 279863 (6th Cir.1996); *Kelly v. Drake Beam Morin, Inc.*, 695 F.Supp. 354 (E.D.Mich.1988). In addition, federal courts strictly construe removal petitions in a manner that resolves all doubts against removal. *See e.g., Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989); *Griffin v. Millar Elevator Service Co.*, 1995 WL 871130 (E.D.Mich. 1995); *Kerr v. Holland America–Line Westours, Inc.*, 794 F.Supp. 207 (E.D.Mich.1992). This Court has a responsibility to make an independent subject matter jurisdiction determination, rather than rely solely on a conclusory assertion of the defendant. *See McNutt*, 298 U.S. at 184, 56 S.Ct. 780; *Ross v. Inter–Ocean Ins. Co.*, 693 F.2d 659, 660 (7th Cir.1982); *Colorado Life Co. v. Steele*, 95 F.2d 535 (8th Cir.1938).

■ The overarching principle mandating the strict construction of removal petitions is the fact that federal courts are courts of limited subject matter jurisdiction. As penned eloquently by this Court's former Chief Judge Swinford:

> It must always be borne in mind that a federal court is a court of limited jurisdiction and can only entertain those actions which fall squarely with its jurisdiction as that jurisdiction is stated by the act or acts of Congress in conformity to the Judiciary Articles of the Constitution. This court has a responsibility to accept jurisdiction in all proper cases. It has a greater obligation to protect the jurisdiction of the State court, both by reason of comity to that court and fairness to litigants who have chosen it as a forum. Where there is doubt as to federal jurisdiction, the doubt should be

---

1. The plaintiff maintains that the $56,000 amount previously mentioned before filing suit was due to a scrivener's error, and was originally intended to be $54,000. For purposes of the motion to remand, the difference is irrelevant due to this Court's $75,000 damage requirement for diversity jurisdiction.

construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction. *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305 (E.D.Ky.1990) (quoting *Walsh v. American Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky.1967)), *quoted in Saylor v. General Motors Corp.*, 416 F.Supp. 1173 (E.D.Ky.1976).

▮ With the above principles in mind, the Court finds that *Cole v. Great Atlantic & Pacific Tea Co.*, 728 F.Supp. 1305 (E.D.Ky.1990), is directly applicable and persuasive in deciding the plaintiff's motion. In *Cole*, the plaintiff brought a claim in Kentucky state court, claiming unspecified damages for "outrageous conduct, defamation, severe emotional and physical pain, and loss of enjoyment of life," as well as *punitive damages* and costs. *Id.* at 1306. After the defendant removed the case, the plaintiff moved to remand, stipulating that damages would not exceed the jurisdictional minimum, and that federal diversity jurisdiction therefore did not exist. *Id.* at 1307.

*Cole* granted the plaintiff's motion to remand, and rejected the defendant's ar-

gument that the plaintiff's stipulation was the type of post-removal claim limitation prohibited by *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).[2] The Court reasoned that due to the Kentucky rule prohibiting unliquidated damage allegations, the defendant's removal decision, although in good faith, could only have been based on speculation as to the amount requested. *Cole*, 728 F.Supp. at 1309. *Cole* further held that in a situation where the complaint fails to reveal that the plaintiff is seeking an amount sufficient to invoke federal jurisdiction, a defendant wishing to remove to federal court should make further inquiry into the actual amount of damages "or run the risk of remand when the plaintiff ... provides that information." *Id.*[3]

Here, the defendant removed this action without filing interrogatories as to the plaintiff's specific monetary damages claimed, or otherwise investigating the specific monetary amount. The plaintiff has attached an affidavit to her motion to remand, stipulating that her total damages claimed in this action are $54,000. *See*

---

**2.** *St. Paul's* holding was a result of the need for certainty to allow the defendant to make a prompt removal decision. Specifically, the case held that "events occurring subsequent to removal which reduce the amount recoverable whether beyond the plaintiff's control or the result of his volition do not oust the district court's jurisdiction once it has attached." *St. Paul*, 303 U.S. at 289–90, 58 S.Ct. 586.

   In both *Cole* and the present case, the Kentucky law preventing plaintiff from specifying the amount of damages in the complaint, coupled with the type damages listed, combine to obviate the certainty otherwise present on the face of the complaint as to the damages claimed. Thus, the defendant in this case was faced with the bare statement of the claim and minimal jurisdictional allegations of the complaint upon which to base its removal decision. *Cf. Cole* 728 F.Supp. at 1307. However, this uncertainty does not excuse a defendant from meeting its burden of informing the

Court of the jurisdictional grounds that justify removal. *McNutt*, 298 U.S. at 189, 56 S.Ct. 780.

**3.** *Cole* involved a complaint seeking punitive damages and its applicability here is even more apparent in light of the fact that Fenger did not seek punitive damages in her complaint. *See Rotschi v. State Farm Mutual Automobile Ins. Co.*, 1997 WL 259352 at *5–6 (Daughtrey, J., dissenting) (praising *Cole* as the proper analysis for when the complaint fails to reveal damages meeting the jurisdictional requirement). The *Rotschi* majority implicitly found *Cole* inapplicable because the plaintiff's complaint revealed severe injuries to husband and wife, setting forth an amount of damages not to exceed $200,000. In contrast, Fenger's complaint on its face does not reveal allegations of damages sufficient to meet the jurisdictional requirement of this Court.

affidavit by plaintiff in support of motion to remand [DE # 3]. As a result of the Kentucky rule prohibiting the plaintiff from specifically setting forth the alleged damages in the complaint, the above affidavit is the first specific statement of the plaintiff's alleged damages in this case.[4] The plaintiff's stipulation by affidavit, just as in *Cole*, did not change the information upon which the defendant relied; instead, the stipulation provided, *ab initio*, the specific damage amounts claimed.

For diversity jurisdiction, 28 U.S.C. § 1332 requires that the "matter in controversy exceed ... the sum or value of $75,000, exclusive of interest and costs." The plaintiff's stipulated damages of $54,000 are far below the $75,000 minimum required for federal diversity jurisdiction, and consequently, this Court is without subject matter jurisdiction to hear the plaintiff's claim. The defendant was not forced into the decision to remove this case without conducting discovery or otherwise investigating the specific amount of damages claimed by the plaintiff. As stated in *Cole*, Kentucky Rule of Civil Procedure 8.01 provides that "[w]hen a claim is made against a party for unliquidated damages, that party may obtain information as to the amount claimed by interrogatories . . . ."

Sixth Circuit cases subsequent to *Cole* have partially modified the Court's task when analyzing whether the cause of action removed presents a sufficient amount in controversy to predicate diversity jurisdiction. For example, *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000) *cert. denied*, 532 U.S. 953, 121 S.Ct. 1428, 149 L.Ed.2d 367 (2001), broadly states,

[P]ost removal stipulations do not create an exception to the rule articulated in *St. Paul*. Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. Therefore, consistent with *St. Paul* and previous unpublished Sixth Circuit opinions, we hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not *require* remand to state court.

*Rogers*, 230 F.3d at 872 (emphasis added).

The breadth of the Sixth Circuit's new holding in *Rogers* remains unclear. However, *Rogers* does not hold that post-removal stipulations *prevent* a district court from remanding a case. Aside from any argument as to the unexpressed intended scope of *Rogers*, the case fails to distinguish or even cite *Cole*. To be sure, further evidence that *Cole* remains valid Sixth Circuit law is found in *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560 (6th Cir.2001). In *Hayes*, decided subsequent to *Rogers*, the Sixth Circuit specifically distinguished *Cole*, by finding that, unlike in *Cole*, the plaintiff did not stipulate to an amount of damages falling under the amount in controversy requirement. *Hayes*, 266 F.3d at 573 n. 1. Obviously, if *Rogers* had overruled *Cole* a year earlier, *Hayes* would not have found the need to distinguish *Cole*.

As for subsequent district court decisions, *Parnell v. State Farm Mutual Automobile Ins. Co.*, 173 F.R.D. 446, 448 (W.D.Ky.1997) does not alter *Cole's* applicability to these facts. *Parnell* determined that it was "unfair" to the defendant to consider the plaintiff's affidavit and stipu-

**4.** The plaintiff's letter, sent *before* this case was filed, as a practical matter, should have alerted the defendant that the damages sought are below this Court's jurisdictional minimum. The affidavit filed in support of the motion to remand only confirms with specificity the fact that plaintiff is seeking less than the $75,000 jurisdictional minimum.

lation filed by plaintiff's counsel because these documents were filed after the case was removed. However, *Parnell* is distinguished because it involved claims for punitive damages not present here. Moreover, the Court's decision does not result in "unfairness" to the defendant because the defendant could have determined the specific amount in controversy by means of interrogatories or other investigation before removing the case. In addition, the letter from the plaintiff before suit was filed should have alerted the defendant that, at the very least, further investigation of the amount in controversy was needed before removing this case.

■ In addition, the present decision does not result in unfairness because the defendant has chosen not to respond to the plaintiff's motion to remand.[5] Finally, the plaintiff's affidavit stipulating damages in the amount of $54,000 binds the plaintiff to a recovery of no more than this figure because the doctrine of estoppel applies to prevent an amended request for additional damages in state court. *See, e.g., Sanford & Adapt Inc., v. Gardenour*, 2000 WL 1033025, 2000 U.S.App. LEXIS 17566 *9 (6th Cir.2000). Since this Court has adopted the position urged by the plaintiff (i.e., that her damages are limited to $54,000) in granting the present motion, the plaintiff would be prevented from later taking an inconsistent position (i.e., that her damages are actually greater than $54,000). *See, e.g., Colston Investment Co.*

*v. Home Supply Co.*, 2001 WL 705638 (Ky.Ct.App.) ("The judicial estoppel doctrine protects the integrity of the judicial process by preventing a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding.").

■ Clearly, due to the plaintiff's complaint, the plaintiff's affidavit, and the defendant's lack of response to the plaintiff's motion to remand, the defendant has not met its burden of establishing diversity jurisdiction. This Court's lack of subject matter jurisdiction renders the defendant's motion to dismiss moot.

Accordingly, the Court, being otherwise fully and sufficiently advised, HEREBY ORDERS that

(1) plaintiff's motion to remand [DE # 2] is GRANTED;

(2) the defendant's motion to dismiss [DE # 4] is DENIED AS MOOT;

(2) the parties will bear their own respective fees and costs in this matter;

(3) this case shall be remanded to the Fayette Circuit Court, Fayette County, Kentucky for all further proceedings in accordance with the Judgment entered contemporaneously with this Order.

## JUDGMENT

In accordance with the Opinion and Order entered contemporaneously with this

---

5. "Failure to file an opposing memorandum may be grounds for granting the motion." LR 7.1(c)(1). Perhaps the defendant's choice to avoid responding to the present motion was a tactical decision to prevent a finding of estoppel when the merits of the breach of contract claim are reached. The plaintiff argues that "Schedule B" is a part of the contract, while the defendant maintains that this provision is not referenced in the contract and is thus not a part of the parties' bargain. The defendant states that the plaintiff's interpretation of "Schedule B" could require com-

pensation to the plaintiff "in perpetuity." *See* defendant's reply in support of motion to dismiss, p. 4. The defendant does not argue that this provision justifies the amount in controversy required for diversity jurisdiction. If the defendant made such an attempt to utilize "Schedule B," they would be estopped from later arguing that the schedule was not part of the contract. Regardless, the defendant's failure to file an opposing memorandum only strengthens the Court's conclusion that the defendant has not demonstrated diversity jurisdiction.

Judgment, the Court HEREBY ORDERS AND ADJUDGES that

(1) the plaintiff's motion to remand to Fayette Circuit Court [DE # 2] is GRANTED;

(2) the clerk is directed to send a certified copy of the order and judgment to the Fayette Circuit Court;

(2) the defendant's motion to dismiss [DE # 4] is denied as MOOT;

(3) this judgment is final and appealable and no just cause for delay exists;

(4) this matter is STRICKEN from the active docket.