**Marti EGAN Plaintiff**

v.

**PREMIER SCALES & SYSTEMS, d/b/a SOUTHERN INDIANA SCALE COMPANY, INC. Defendant**

No. CIV.A. 302CV524H.

United States District Court,
W.D. Kentucky,
at Louisville.

Dec. 30, 2002.

Samuel G. Hayward, Adams, Hayward, Nicolas & Welsh, Louisville, KY, for Plaintiff.

Jon Goldman, Kahn, Dees, Donovan & Kahn, LLP, Evansville, IN, Donna King Perry, Elizabeth N. Monohan, Louisville, KY, for Defendant.

## MEMORANDUM AND ORDER

HEYBURN, Chief Judge.

Pursuant to 28 U.S.C. § 1441(a), Defendant removed this age and sex discrimination lawsuit to federal court on two grounds: (1) under 28 U.S.C. § 1331, Plaintiff's complaint arises under federal civil rights laws; and (2) under 28 U.S.C. § 1332(a), the parties were diverse and the amount in controversy exceeds $75,000. Plaintiff has now moved to remand, arguing that the amount in controversy does not exceed $75,000. In support of that motion, Plaintiff executed an affidavit stating that she "will accept a sum of $74,990 exclusive of interest and costs as a judgment regardless of what any court finds in excess of that amount." This case presents a different twist on circumstances this Court has considered on several previous occasions.

Originally, Plaintiff filed a state discrimination claim in state court. The well-pleaded complaint rule makes Plaintiff the "master of the claim" for removal purposes. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 n. 7, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Where both state and federal remedies are available, such as under the civil rights laws, and where federal law does not preempt a state law, a plaintiff may avoid federal jurisdiction by relying upon state law. *Id.; see also Passalacqua Corp. v. Rest. Mgmt. II, Inc.*, 885 F.Supp. 154, 156 (E.D.Mich.1995). Plaintiff has done so here. Based on these principles, federal courts should accept a plaintiff's election to proceed exclusively under state law and in state court. *Id.* Removal under 28 U.S.C. § 1331 impermissibly superceded Plaintiff's choice to file in state court and is improper.

Defendant next argues that removal is appropriate under 28 U.S.C. § 1332, because the parties are diverse and the amount in controversy exceeds $75,000. The party seeking removal has the burden of showing federal subject matter jurisdiction. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936). As a general rule, when a plaintiff alleges a specific amount of damages in the complaint, that amount controls unless the de-

fendant proves to a "legal certainty" that plaintiff in good faith cannot claim the jurisdictional amount. *Klepper v. First American Bank*, 916 F.2d 337, 340 (6th Cir.1990); *St. Paul Mercury Indem. Co. v. Red Cab Co.* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Generally, because the plaintiff is "master of the claim," a claim specifically less than the federal requirement should preclude removal. *Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000).

The facts presently before the Court, however, pose a variation on this scenario. Kentucky state law prohibits any plaintiff from specifically making a numerical demand in excess of the state's jurisdictional amount. Rule 8.01(a), Ky. R. Civ. P.[1] Therefore, in this case, the complaint only states that "Plaintiff's claim exceeds the minimum threshold amount for this Court and, therefore jurisdiction is proper with the Jefferson Circuit Court." In cases such as this one, where Plaintiff only alleges "an unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the Sixth Circuit has said that the burden remains with defendant to show that it is "more likely than not" that the claims meet the federal amount in controversy requirement. *Gafford v. General Elec.*

*Co.*, 997 F.2d 150, 158 (6th Cir.1993). Here, Defendant has met that burden. Plaintiff alleges termination due to age and sex discrimination, lost wages, benefits, humiliation and embarrassment; and willful, malicious and outrageous conduct. Given the nature of these charges and her demand for punitive damages, Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement.[2]

With the case now in federal court, the Court must determine whether Plaintiff may now stipulate to a claim less than the federal jurisdictional amount. The Sixth Circuit determines federal jurisdiction in a diversity case at the time of removal. *Rogers*, 230 F.3d at 871.[3] Thus, it stands to reason that a plaintiff may not *reduce* or *change* her demand by stipulation in response to a removal action for the sole purpose of avoiding federal jurisdiction. *Id.* at 872; *see also Poore v. American–Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290 (11th Cir.2000); *In re Shell Oil Company*, 966 F.2d 1130, 1133 (7th Cir.1992). That being said, the question remains whether a Plaintiff may *clarify* the amount at issue by stipulation, particularly where a state statute prohibited a precise allegation in the original complaint.

1. That Rule states: "In an action for unliquidated damages, the prayer for damages in any pleading shall not recite any sum as alleged damages other than an allegation that the damages are in excess of any minimum jurisdictional amount necessary to establish the jurisdiction of the Court."

2. A question often rises as to when a defendant must remove a case in which the amount of the damages sought is not specified. The removal statute states that the notice of removal should be filed within 30 days after receipt of the initial pleading or within 30 days after receipt of a pleading or paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). There are

some differences among courts as to when a defendant is required to remove where plaintiff has not specified the amount of damages. This Court has stated that "even where the amount of damages is not specified, if Defendant is able to ascertain from a fair reading of the complaint ... that the minimum jurisdictional amount exists, he cannot 'sit idly by' while the statutory period runs." *McCraw v. Lyons*, 863 F.Supp. 430, 434 (W.D.Ky.1994).

3. If a complaint is not removable originally, 28 U.S.C. § 1446(b) provides defendants with another 30-day window of opportunity to remove where plaintiff amends the complaint or where additional information is disclosed which makes federal jurisdiction ascertainable.

On this more narrow issue, the Sixth Circuit has not commented.

Defendant contends that the Sixth Circuit's opinion in *Rogers*, 230 F.3d 868, dictates the outcome here. The Court is not persuaded. In *Rogers*, the plaintiff initially sued Wal–Mart Stores, Inc. in Tennessee state court after she tripped and fell inside the store. *Id.* at 870. In that initial suit, she sought approximately $950,000 in damages. The defendant promptly removed to federal court. For reasons unknown, after the parties stipulated to a dismissal, the plaintiff filed a new complaint in state court, arising out of the same occurrence, and specified that she sought to recover an amount "not exceeding $75,000." *Id.* After the defendant again removed the case, plaintiff moved to remand, which the district court denied.

The Sixth Circuit affirmed, stating that "a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Id.* at 872 (emphasis added). The court surmised, "If plaintiff were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Id.* at 872. The Court cited the seminal case of *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845, where the Supreme Court noted that "a post-removal stipulation has no effect on federal jurisdiction over the original complaint." 230 F.3d at 872. This Court recognizes *Rogers*, but concludes that its principles and logic do not apply here. The circumstances, procedural history, and state law presented in this case require a different result.

The state of Kentucky has enacted a law that prohibits the Plaintiff from making a specific monetary demand, over and above the state's minimal amount in controversy. To hold that Plaintiff's claim could be transformed into a matter for the federal courts any time a diverse Defendant proved the possibility that Plaintiff might recover more than $75,000 would automatically transform most Kentucky state law claims into questions for federal courts. Such a rule would run directly counter to the overarching principle that federal courts are courts of limited subject matter jurisdiction, *Gross v. Hougland*, 712 F.2d 1034, 1036 (6th Cir.1983), and that, as a direct consequence, they are to construe removal petitions in a manner that resolves all doubts against removal. *Her Majesty The Queen v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989).

Furthermore, because of the Kentucky rule, Plaintiff has no other way of keeping her claim—should she choose to seek less than the federal jurisdictional amount—in state court. In *St. Paul*, the Supreme Court reasoned that a rule prohibiting post-removal stipulations was fair because "if [plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though [plaintiff] would be justly entitled to more, the defendant cannot remove." *St. Paul*, 303 U.S. at 294, 58 S.Ct. 586. However, in Kentucky, where no specific amount could permissibly be stated in the state court complaint, such a rule does not apply in a fair manner.

▆▆▆▆ At least two other federal district courts in this state—one prior to *Rogers* and one subsequent to it—see the issue in the same manner as this Court. *See Fenger v. Idexx Lab., Inc.*, 194 F.Supp.2d 601 (E.D.Ky.2002);[4] *see also Cole v. Great*

---

4. As Chief Judge Karl S. Forester aptly noted in that opinion, the Eastern District of Kentucky published an opinion addressing this same concern in 1990, *Cole*, 728 F.Supp. 1305, which the Sixth Circuit made no men-

*Atlantic & Pacific Tea Co.* 728 F.Supp. 1305 (E.D.Ky.1990). Furthermore, several district courts in other circuits have reached the same conclusion.[5] This Court holds, consistent with the position adopted by the Sixth Circuit prohibiting reductions or changes from claims in their initial complaint, that where a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change.[6]

As an important corollary to this rule, and to guard against forum shopping and encroachments on the defendant's right of removal, the Court notes that only an unequivocal statement and stipulation limiting damages will serve this purpose. In this case, Plaintiff's statement is less than unequivocal. In fact, neither the affidavit nor the complaint limits the amount of a potential judgment, which is essential to any such stipulation. To merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand. As a result, the demand in this case may still be said to exceed the jurisdictional amount and removal remains proper under 28 U.S.C. § 1441(a).

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion to remand is DENIED.

---

tion of, and failed to distinguish in its *Rogers* holding. 194 F.Supp.2d at 604.

5. Cases arising in district courts in North Carolina are particularly informative because North Carolina, like Kentucky, also has a rule prohibiting the plaintiff from making a specific demand in her complaint. *See, e.g., Gwyn v. Wal–Mart Stores, Inc.,* 955 F.Supp. 44, 47 (M.D.N.C.1996) (considering a stipulation by the Plaintiff on her motion to remand where North Carolina law prohibited Plaintiffs from alleging a specific amount in state court); *Griffin v. Holmes,* 843 F.Supp. 81, 88 (E.D.N.C.1993) (accepting plaintiff's stipulation that the total amount of compensatory and punitive damages sought by his complaint was less than $ 50,000); *see also Robinson v. Quality Ins. Co.,* 633 F.Supp. 572, 577 (S.D.Ala.1986) (granting a remand motion based on the plaintiff's post-removal insertion of an ad damnum clause into a previously indeterminate complaint); *cf. Hall v. Travelers Ins. Co.,* 691 F.Supp. 1406, 1410 (N.D.Ga.

1988) (holding that, although the attorneys' fees sought in the plaintiff's complaint appeared to bring his claim over the jurisdictional minimum, his statement in a brief opposing removal denying that his request put $10,000 in controversy warranted remand); *Denette v. Life of Indiana Ins. Co.,* 693 F.Supp. 959, 961 (D.Colo.1988).

6. The Court notes that this holding comports with two important principles of federal jurisdiction. First, questions on removal are accordingly strictly construed against federal jurisdiction. *Hess v. Great Atlantic & Pac. Tea Co.,* 520 F.Supp. 373 (N.D.Ill.1981); *see also Holly Farms Corp. v. Taylor,* 722 F.Supp. 1152, 1156 (D.Del.1989) (removal strictly construed; federal court should remand if doubt exists as to right of removal). Second, ambiguities are resolved against removal when doubt exists as to jurisdiction. *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 663 (7th Cir.1976).