### David RADLO, Plaintiff

### v.

### RHONE–POULENC, S.A.; Rhone–Poulenc AG Company, Inc.; Rhone–Poulenc Animal Nutrition, Inc.; Degussa–Huls AG; Degussa–Huls Corporation; Mitsui & Co. Ltd; Mitsui & Co. (USA), Inc.; Nippon Soda Company, Ltd.; and Novus International, Inc., Defendants

### No. CIV.A. 02–11205GAO.

United States District Court, D. Massachusetts.

Dec. 18, 2002.

---

Robert J. Bonsignore, Medford, MA, for Plaintiff.

Peter W. Herzog, St. Louis, MO, for Defendant.

## MEMORANDUM

O'TOOLE, District Judge.

The defendants are manufacturers of methionine for use as an additive in animal feeds. According to the complaint, worldwide production of methionine exceeds $1 billion per year and the defendants' production constitutes ninety percent of that market. The plaintiff David Radlo is a Massachusetts resident and chicken farmer who purchased methionine indirectly from one or more of the defendants for use in the feed he gives his chickens. He maintains that he is a typical indirect purchaser of methionine.

Radlo initiated this putative class action in the Massachusetts Superior Court on behalf of himself and "all others similarly situated," claiming that the defendants have engaged in price fixing and have thereby illegally inflated the price of methionine. His sole cause of action is based on the claimed violation of a Massachusetts statute, Mass. Gen. Laws ch. 93A ("Chapter 93A").

The complaint specifically alleges that neither Radlo's damages nor those of any other potential class plaintiff exceed

$75,000. Nonetheless, one of the defendants, Novus International, Inc. ("Novus"), removed the matter to this Court, relying for subject matter jurisdiction on the parties' diversity of citizenship. Radlo moved to remand the case to the state court arguing that his complaint does not meet the requirements for federal diversity jurisdiction. This Court granted his motion in a summary order. This memorandum explains the order.

A federal district court has jurisdiction over a case raising only state law claims if the plaintiffs and defendants are citizens of different states (or foreign countries) and if the "matter in controversy" exceeds $75,000 in amount or value. See 28 U.S.C. § 1332(a). Radlo asserts that neither requirement is met here. He argues that there is not complete diversity of citizenship because one of the defendants, Degussa–Huls Corporation, should be considered a Massachusetts citizen because it has its principal place of business here, and he further contends that the amount-in-controversy for him (and for any unnamed class plaintiff) is less than $75,000. Although the record does not permit a clear resolution of the citizenship issue, this Court will assume in Novus's favor that Degussa–Huls is not a citizen of the same state as the plaintiff and will focus on the amount-in-controversy requirement.

■ As the party seeking to invoke this Court's jurisdiction, Novus has the burden to establish that subject matter jurisdiction exists with respect to Radlo's complaint. See Taber Partners I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993). In claiming that the amount-in-controversy is sufficient for diversity jurisdiction notwithstanding the complaint's express assertion to the contrary, Novus relies on two alternate theories. First, Novus argues that the Court should not automatically accept Radlo's assertion that

the amount in controversy is less than $75,000 but rather should examine the evidence offered by Novus and conclude that, if successful, Radlo's damages will exceed the jurisdictional amount.

Normally, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir.2001) (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938)). However, the plaintiff's estimation of the value of his claims may, at times, be challenged by the defendant. Usually, the context for such a challenge is a motion by a defendant to dismiss a complaint originally filed in federal court on the ground that subject matter jurisdiction is lacking. See, e.g., Coventry Sewage Assocs. v. Dworkin Realty Co., 71 F.3d 1, 6 (1st Cir.1995). It is somewhat less common, though still permissible, for a defendant who has removed a case to federal court to seek to demonstrate that the plaintiff's damage estimate is unrealistically low, perhaps understated precisely in order to avoid federal jurisdiction. See, e.g., Rogers v. Wal–Mart Stores, Inc., 230 F.3d 868, 871–72 (6th Cir.2000).

■ By what standard should the defendant's assertions be measured? In the more common case, when the defendant has moved to dismiss the plaintiff's original federal complaint because claims do not meet the amount-in-controversy requirement, the defendant has the burden of showing that there is "legal certainty" that the plaintiff will not recover damages above the jurisdictional threshold. See Spielman, 251 F.3d at 5 (citations and quotations omitted). The same standard could also be applied to require a removing defendant to show that there is a legal certainty that the plaintiff's damages, if the claims succeed fully, would rise above the threshold. In addition to being consis-

tent with the rule applicable to original complaints, applying the "legal certainty" standard in removal cases would also be consistent with other principles generally invoked with respect to jurisdictional issues: (1) the plaintiff is the "master of his complaint," *see Danca v. Private Health Care Sys., Inc.*, 185 F.3d 1, 4 (1st Cir. 1999), (2) the borders of federal jurisdiction are to be watchfully policed, *see Spielman*, 251 F.3d at 4, and (3) bearing in mind that the removal statutes are to be strictly construed, *see Danca*, 185 F.3d at 4.

Nonetheless, other circuits have required a removing defendant only to show by a preponderance of the evidence that the plaintiff's damage claims satisfy the amount-in-controversy requirement. *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir.2001) (collecting cases); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir.2001) ("A defendant attempting to remove a diversity case must show by a preponderance of the evidence that the amount-in-controversy requirement is satisfied."). *See also Rogers*, 230 F.3d at 871 (defendant had met its burden to show that it was "more likely than not" that the plaintiff's claims met the amount-in-controversy requirement).

■ It is not necessary to decide which standard should apply, because Novus has not offered enough evidence to permit a finding that Radlo's claim will meet the amount-in-controversy requirement under either standard. The only information Novus has presented consists of generalized information regarding the volume of annual methionine purchases by feed mills. This evidence appears to pertain to direct methionine purchasers, not indirect purchasers like Radlo. Novus does not offer any evidence regarding the volume of purchases an indirect purchaser like Radlo would make. The evidence Novus has produced therefore is insufficient to permit any reliable judgment about the extent to which Radlo has been damaged by the defendants' alleged price-fixing conspiracy.

■ Novus further argues that Radlo's damages will exceed $75,000 because if he prevails Radlo is likely to receive an attorney's fee award sufficient to bring the total damages above the threshold. *See Dep't of Recreation and Sports of Puerto Rico v. World Boxing Ass'n*, 942 F.2d 84, 89 (1st Cir.1991) (district court may consider potential attorney's fee award as part of the amount-in-controversy when "a statute mandates or allows the payment of such fees"). However, as with the potential economic losses, Novus's argument regarding the size of the attorney's fee award is entirely speculative. Novus offers no evidence which would tend to demonstrate how large Radlo's fee award might be. The argument is further weakened by the fact that attorney's fees in a class action may not be aggregated and attributed only to the named plaintiff but rather must be prorated across the entire class. *See Spielman*, 251 F.3d at 10 ("we reject [the] argument that Chapter 93A's authorization of attorney's fees requires that such fees be aggregated to the named plaintiff for purposes of determining federal jurisdiction"). Because Novus does not offer any information about how many class members there may be in this case, nor any reasonable estimates of the size of the potential attorney's fee award, it has not met its burden to show that a pro rata award of attorney's fees would bring Radlo's damages above the jurisdictional amount.

■ Novus's second theory is that the statutory requirements are met here because some unnamed class member's damages are likely to meet the jurisdictional amount. There is no authority for this theory. Novus cites no case holding that

jurisdictional requirements can be satisfied, where the named plaintiff's damages are less than $75,000, on the hypothesis that there is some unnamed plaintiff whose damages would suffice. On the contrary, no court has abandoned the requirement that at least one named plaintiff in a class action suit must meet the amount-in-controversy requirement. *See, e.g., Gibson,* 261 F.3d at 940 (federal court has jurisdiction "when the claim of an individual named plaintiff satisfies the amount-in-controversy requirement" but not if only unnamed class members meet the requirement); *Rosmer v. Pfizer Inc.,* 263 F.3d 110, 114 (4th Cir.2001) (federal court has "supplemental jurisdiction in diversity class actions, so long as one named plaintiff has a claim giving a federal court original jurisdiction"); *In re Abbott Labs.,* 51 F.3d 524, 527 (5th Cir.1995) (class action properly removed because the class representatives met the amount-in-controversy requirement). *Cf. Zahn v. Int'l Paper Co.,* 414 U.S. 291, 300, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973).

Finally, even if Novus's novel argument were viable, as with the other arguments advanced, the evidence proffered is insufficient to support its application in this case.

For these reasons, it is clear that the Court was without subject matter jurisdiction over the complaint, and the case was accordingly remanded to the state court.