Lisa SATTERFIELD, Plaintiff,

v.

F.W. WEBB, INC., Defendant.

No. 04–CV–168–P–S.

United States District Court,
D. Maine.

Sept. 14, 2004.

Rebecca S. Webber, Linnell, Choate & Webber, LLP, Auburn, ME, for Lisa Satterfield.

Alice A. Kokodis, Davis, Malm & D'Agostine, PC, Gary M. Feldman, Davis, Malm & D'Agostine, PC, Boston, MA, James E. Belleau, Skelton, Taintor & Abbott, Auburn, ME, for FW Webb Incorporated.

## ORDER ON PLAINTIFF'S MOTION TO REMAND

SINGAL, Chief Judge.

Presently before the Court is Plaintiff's Motion to Remand (Docket # 6). After reviewing the parties' written submissions, the Court GRANTS Plaintiff's Motion to Remand for the reasons explained below.

The issue in this diversity action is whether Plaintiff may avoid federal jurisdiction by limiting her claim for damages to less than the required amount in controversy under 28 U.S.C. § 1332(a). This Court finds that since Plaintiff has maintained throughout this case that her claim is worth less than $75,000 and has entered into binding stipulations to this effect, Defendant cannot meet its burden of showing that this Court has subject matter jurisdiction over the claim. Hence, the claim must be remanded to state court under 28 U.S.C. § 1447(c).

## I. FACTUAL BACKGROUND

Plaintiff Lisa Satterfield filed this action in Androscoggin Superior Court alleging that her employer, defendant F.W. Webb, Inc. ("F.W.Webb"), a Massachusetts corporation, violated her rights under the Maine Human Rights Act, 5 M.R.S.A. § 4572, and denied her overtime as required by 26 M.R.S.A. § 664. Plaintiff

stated in her initial complaint that her claim for damages "is for less than $75,000" (Compl.¶ 5). However, on July 28, 2004, Defendant removed the case to this court under 28 U.S.C. § 1441, claiming diversity of citizenship and an amount in controversy exceeding $75,000 under 28 U.S.C. § 1332. Defendant argues that Plaintiff's specific allegations of harm and requests for relief belie her assertion that her damages do not exceed $75,000.

On August 3, 2004, Plaintiff filed her Motion to Remand and her Second Amended Complaint. In both the Second Amended Complaint and an affidavit accompanying the Motion to Remand, Plaintiff stipulated that she will demand less than $75,000 for whatever relief she requests, exclusive of interest and costs. Plaintiff also averred in the attached affidavit that "the amount in controversy is not as much as $75,000, exclusive of interest and costs." (Aff. of Satterfield ¶ 4).

Although defendant filed a Response to Plaintiff's Motion to Remand in which it challenged Plaintiff's stipulations regarding the amount in controversy, in its answer to the Second Amended Complaint, submitted on August 25, 2004, Defendant admitted that Plaintiff is entitled to less than $75,000. The Defendant states:

> Paragraph 5 of the Second Amended Complaint is a statement of relief Plaintiff is seeking in this action and therefore no response is required. To the extent that a response to Paragraph 5 is required, Defendant denies that Plaintiff is entitled to any relief. *To the extent Plaintiff is entitled to relief, Defendant admits that she is entitled to less than $75,000.*

(F.W. Webb Answer ¶ 5 (emphasis added)).

On September 6, 2004, in her Reply to Defendant's Response to the Motion to Remand, Plaintiff made yet another stipulation, stating that she "is stipulating, in good faith, that she will cap her damages at $75,000, including attorneys' fees but excluding interest and costs"

## II. DISCUSSION

In questions of federal jurisdiction, "the party invoking the jurisdiction of the federal court carries the burden of proving its existence." *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir.1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir.1993), *cert. denied,* 510 U.S. 823, 114 S.Ct. 82, 126 L.Ed.2d 50 (1993)); *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir.2001). Since it is Defendant that has removed to this Court, the burden is on Defendant to demonstrate that the amount in controversy exceeds $75,000.

The seminal case on amount in controversy disputes is *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). In *St. Paul,* the plaintiff filed an action in state court that alleged damages above the jurisdictional limit. *See id.* at 285, 58 S.Ct. 586. After removal by the defendant, plaintiff filed an amended complaint that contained an itemized list of damages totaling less than the jurisdictional limit. This itemized list led the court of appeals, sua sponte, to direct a remand, reasoning that the amount in controversy no longer supported federal jurisdiction. In reversing, the Supreme Court found that, in determining the amount in controversy, "unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* at 288, 58 S.Ct. 586. However, "[e]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the

district court's jurisdiction once it has attached." *Id.* at 293, 58 S.Ct. 586. Hence, the itemized list of damages that appeared in the post-removal amended complaint was given no effect by the Court since there was no evidence that the amount averred in the initial complaint was made in bad faith. *Id.* at 295–96, 58 S.Ct. 586. The Court also noted that a plaintiff is permitted to prevent a defendant from removing to federal court by "resort[ing] to the expedient of suing for less than the jurisdictional amount ... though he would be justly entitled to more." *Id.* at 294, 58 S.Ct. 586.

The First Circuit Court of Appeals has indicated that it continues to regard *St. Paul* as the controlling case for disputes over amount in controversy, although it has only decided cases in which the defendant is challenging plaintiff's assertion that the amount in controversy is *above* the jurisdictional limit. *See Spielman v. Genzyme Corp.,* 251 F.3d 1, 5 (1st Cir.2001); *Coventry Sewage Assocs. v. Dworkin Realty Co.,* 71 F.3d 1, 6 (1st Cir.1995). In these cases, the First Circuit has found that defendant must demonstrate a lack of "good faith" by the plaintiff in alleging damages of over $75,000. "Good faith" is not present if there is a legal certainty that damages do not exceed $75,000. *Spielman,* 251 F.3d at 5.

■ The First Circuit has not yet decided the standard that applies when the defendant argues that the plaintiff has understated her claim for damages to preclude federal jurisdiction. *See Radlo v. Rhone–Poulenc, S.A.,* 241 F.Supp.2d 61, 63 (D.Mass.2002). Those courts that have considered the issue have approved a number of different standards, such as requiring the defendant to show a "legal certain-

ty" that a successful plaintiff will recover over $75,000 or that it is more likely than not that plaintiff will recover over $75,000. *See Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 400–404 (9th Cir.1996) (outlining standards); 14C Charles Alan Wright et al., *Federal Practice and Procedure* § 3725 (3rd ed.1998). However, regardless of the standard of proof, it is clear that when the plaintiff claims damages of less than $75,000, the removing defendant bears the burden of demonstrating that the amount in controversy is met. *See Spielman v. Genzyme Corp.,* 251 F.3d 1, 4 (1st Cir.2001).

While the debate between the various standards for determining whether a plaintiff's claim for less than the jurisdictional amount is in good faith is a fascinating one, this case does not require a choice between them. Regardless of whether the legal certainty standard or the preponderance standard applies, Defendant in this case has not met its burden of proof.

Maine law prevents Plaintiff from stating a dollar figure in the ad damnum clauses of her complaint. 14 M.R.S.A. § 52 ("No dollar amount or figure may be included in the demand in any civil case, but the prayer must be for such damages as are reasonable in the premises."). However, Plaintiff seems to have done everything permissible under Maine law to limit her claim to $75,000. She averred in the "procedural background" section of her original complaint filed in state court that the amount in controversy is less than $75,000. Following removal by the Defendants, she executed an affidavit that both reaffirmed her original statement that her claim for damages was less than $75,000 and stipulated that she will demand no more than $75,000.[1] Finally, in her Reply to Defen-

---

1. While Plaintiff is not permitted to demand any dollar amount at all in the ad damn um

clause of her complaint under 5 M.R.S.A. § 52, it can be presumed that Plaintiff's state-

dant's Response to the Motion to Remand, Plaintiff further stipulated that she will "cap her damages" at $75,000. Given this string of stipulations, I seems clear that Plaintiff intends in good faith to limit her claim to $75,000.

In Defendant's Notice of Removal and again in its Reply to Plaintiff's Motion to Remand, Defendant argues that Plaintiff's specific allegations of harm, if proven, are worth well over $75,000 in damages. However, in its Answer to Plaintiff's Second Amended Complaint, Defendant states that "to the extent Plaintiff is entitled to relief, Defendant admits that she is entitled to less than $75,000." (F.W. Webb Answer ¶ 5). While this Court can appreciate the difficulty faced by a Defendant who wishes to argue that the amount in controversy exceeds the jurisdictional minimum while simultaneously attacking the merits of the underlying claim, Defendant's tactical dilemma should not obscure the fact that a party may not deny a fact for one purpose while admitting to it for another. The amount in controversy is either above $75,000 or it is not. The Court cannot allow Defendant to have it both ways. Therefore, Defendant's arguments in its Response to the Motion to Remand are superceded by its admission in paragraph 5 of its Answer.

It might be argued that *St. Paul's* principle that "events occurring subsequent to removal which reduce the amount recoverable ... do not oust the district court's jurisdiction once it has attached," prevents the Court from considering facts such as the plaintiff's post-removal affidavit or the defendant's admission that the claim is worth less than $75,000. Under this principle that "jurisdiction is determined as of the instant of removal," *In re Shell Oil Co.,*

970 F.2d 355, 356 (7th Cir.1992), several circuits have held that post-removal stipulations by plaintiffs limiting their claims have no effect on federal jurisdiction. *See Rogers v. Wal–Mart Stores, Inc.,* 230 F.3d 868, 872 (6th Cir.2000) ("a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court."); *In re Shell Oil Co.,* 970 F.2d at 356 ("Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints; once a defendant has removed the case, *St. Paul* makes later filing irrelevant.").

While these cases seem correct insofar as they hold that plaintiffs may not *change* the amount in controversy after removal in an effort to defeat federal jurisdiction, the case before us does not involve a plaintiff who is attempting to manipulate the amount in controversy post-removal. Plaintiff in this case has maintained from the start that her claim is for less than $75,000. The later stipulations, amendments, and admission by the Defendant have served to clarify the amount in controversy rather than alter it. Therefore, *St. Paul's* stricture limiting courts to the facts prior to removal is inapplicable to this case. *See, e.g., Egan v. Premier Scales & Systems,* 237 F.Supp.2d 774, 778 (W.D.Ky.2002) ("where a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a clarification rather than a change").

The decision to remand this case to state court is not only supported by the law, but it is also consistent with the policy concerns underlying the federal jurisdiction statutes as discussed by the Supreme

ment that she will "demand less than $75,000," read in light of her subsequent stipulation that she will "cap her damages at

$75,000," is intended as a self-imposed limitation on her maximum recovery.

Court and the First Circuit. *St. Paul* evinces a concern that the plaintiff ought to have the option to avoid federal jurisdiction by resorting "to the expedient of suing for less than the jurisdictional amount." 303 U.S. at 294, 58 S.Ct. 586. We are satisfied that Plaintiff has made every effort to resort to this expedient to the maximum extent permitted by Maine law. To force Plaintiff to proceed in federal court after she voluntarily limited her damages through binding stipulations undermines the policy that the plaintiff is "master of the claim," *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir.1993); *see also Radlo v. Rhone–Poulenc, S.A.*, 241 F.Supp.2d 61, 63 (D.Mass.2002), and therefore should have the power to limit her claim so it is not subject to federal subject matter jurisdiction. Allowing removal in this case would also conflict with the basic Constitutional premise that federal courts are courts of limited jurisdiction vested with a responsibility to "rigorously enforce the jurisdictional limits that Congress chooses to set in diversity cases." *Coventry Sewage Associates v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir.1995); *see also Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir.2001).

## III. CONCLUSION

Plaintiff has stated in her complaint that her claim is for less than $75,000, and subsequent filings by the parties have clarified that this is the true amount in controversy for the purpose of determining federal jurisdiction. Since "the sum claimed by the plaintiff controls if apparently made in good faith," *St. Paul*, 303 U.S. at 288, 58 S.Ct. 586, and the subsequent stipulations by Plaintiff and the answer by Defendant both subjectively and objectively demonstrate Plaintiff's good faith, the Court finds that the amount in controversy in this case is less than $75,000. As a result, this Court does not have subject matter juris-

diction over this claim under 28 U.S.C. § 1332.

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Remand. As a result, the Court hereby ORDERS that this matter be REMANDED to the Androscoggin County Superior Court. Pursuant to her stipulation, Plaintiff's damages, including attorneys' fees, but excluding interest and costs are limited to less than $75,000.

SO ORDERED.