**Eugene DOUGHTY Plaintiff**

v.

**HYSTER NEW ENGLAND, INC., Defendant**

**No. CIV. 04–CV–167–P–C.**

United States District Court,
D. Maine.

Nov. 5, 2004.

James J. Macadam, Macadam Law Offices, Portland, ME, for Plaintiff.

John S. Whitman, Richardson, Whitman, Large & Badger, Portland, ME, for Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

GENE CARTER, Senior District Judge.

This case comes before the Court on Plaintiff's Motion to Remand (Docket Item No. 9). After careful review of the parties' submissions and the relevant case law, the Court will grant Plaintiff's motion.

### I. FACTS AND PROCEDURAL POSTURE

Plaintiff Eugene Doughty originally filed this action in the Superior Court of the State of Maine in and for the County of Cumberland. Plaintiff alleges that a Hyster New England ("Hyster") employee requested Plaintiff's assistance in changing the forks on a forklift. Plaintiff asserts that while changing the forks, the Hyster employee negligently operated the forklift, thereby causing injury to Plaintiff's left hand. *See* Complaint (attached to Docket Item No. 1).

On July 26, 2004, Hyster timely filed a Notice of Removal removing the above

captioned action to this Court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of Maine, and Defendant Hyster is a Delaware corporation with its principal place of business in Massachusetts.[1] In its Notice of Removal, Defendant asserts that the matter in controversy in this case exceeds the sum or value of Seventy–Five Thousand Dollars ($75,000) exclusive of interest and costs.

On August 18, 2004, Plaintiff filed his Motion to Remand. On the same date, Plaintiff also filed a Motion to Amend Complaint in order to add Jerry Crutchfield, a Hyster employee and citizen of the State of Maine, as a co-defendant in the case (Docket Item No. 8). Defendant filed both its Opposition to Plaintiff's Motion to Remand (Docket Item No. 13) and its Opposition to Plaintiff's Motion to Amend Complaint to Add Jerry Crutchfield as Defendant (Docket Item No. 14) on August 26, 2004. Plaintiff filed his replies to both oppositions on September 7, 2004 (Docket Item Nos. 15 and 16). Thereafter, the Court requested further briefing from the parties on issues relating to this Court's jurisdiction. Both Defendant and Plaintiff have now filed memoranda ("Defendant's Supplemental Memorandum" (Docket Item No. 19) and "Plaintiff's Supplemental Memorandum" (Docket Item No. 20)).

## II. DISCUSSION

Plaintiff contends that this Court lacks subject matter jurisdiction for three rea-

sons: (1) the amount in controversy does not exceed $75,000; (2) Defendant had no right of removal because there was no diversity at the time of removal based on Plaintiff's initial pleading; and (3) the joinder of Mr. Crutchfield defeats this Court's jurisdiction. Because the Court finds that no sufficient showing has been made by Defendant that the amount in controversy exceeds $75,000, it is unnecessary to make any determinations as to the Plaintiff's latter two arguments.[2]

■ Congress granted subject matter jurisdiction to the district courts over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" provided that complete diversity exists between the parties. 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). In questions of federal jurisdiction, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Coventry Sewage Assoc. v. Dworkin Realty Co.*, 71 F.3d 1, 4 (1st Cir.1995) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir.1993)). Because the Defendant removed to this Court, the burden is on the Defendant to demonstrate that the amount in controversy exceeds $75,000.

The First Circuit has not yet decided the burden that applies to situations where the defendant asserts that the plaintiff is

---

1. In his Complaint, Plaintiff alleged that Defendant's principal place of business is in Maine. *See* Complaint ¶ 2. Defendant inadvertently admitted this allegation it its Answer, *see* Answer (Docket Item No. 2) ¶ 2, which was filed on the same day as its Notice of Removal to this Court (Docket Item No. 1). Recognizing his mistake, counsel for Defendant submitted an affidavit acknowledging the error. *See* Affidavit of John Whitman (Docket Item No. 12) ¶ 2. Plaintiff never contested the merits of Defendant's claim that its

principal place of business is in Massachusetts. The Court granted Defendant's Motion to Amend Answer to deny that its principal place of business is in Maine. *See* Order Granting Motion to Amend (Docket Item No. 17).

2. Determination of whether Mr. Crutchfield is a proper Defendant in this action is a matter left to the discretion of the state court after remand.

underestimating his claims and the amount in controversy actually exceeds $75,000. *See Satterfield v. F.W. Webb, Inc.,* 334 F.Supp.2d 1, 5 (D.Me.2004). However, other district courts in this circuit have required the defendant to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. *See Evans v. Yum Brands, Inc.,* 326 F.Supp.2d 214, 219–20 (D.N.H.2004). Because Maine law prevents Plaintiff from stating a dollar figure in the *ad damnum* clauses of his complaint, 14 M.R.S.A. § 52 ("No dollar amount or figure may be included in the demand in any civil case, but the prayer must be for such damages as are reasonable in the premises"), this Court must turn to other pleadings and supporting documentation to ascertain whether Defendant has met its burden to invoke federal jurisdiction.

Defendant's basis for asserting that this case meets the $75,000 jurisdictional threshold stems from a settlement demand made by Plaintiff's counsel in the amount of $85,000. *See* Affidavit of John S. Whitman (Attached to Docket Item No. 12) ¶ 4. Although some courts outside of this circuit have treated a settlement letter as independently sufficient to establish the amount in controversy, *see, e.g., Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002), a settlement demand is not the sole determinative factor to consider when assessing the jurisdictional amount in controversy. The more appropriate measure is the litigation value of the case, an amount arrived at by drawing all reasonable inferences in favor of the Plaintiff's Complaint. *See, e.g., Jackson v. Am. Bankers Ins. Co.,* 976 F.Supp. 1450, 1454 (S.D.Ala.1997).

Defendant has offered no independent evidence suggesting that the merits of the claim support a determination that the jurisdictional amount in controversy is satisfied. The only evidence brought to this Court's attention concerning damages is that Mr. Doughty's medical expenses and lost wages total $3,476.90. *See* Affidavit of Michaela MacAdam (Attached to Docket Item No. 8) at ¶ 9. Based on this evidence, the Court finds that the $85,000 settlement demand is not a proper and controlling monetary figure for determining the value of the case. Moreover, the Court finds that Defendant has not established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Because Defendant failed to meet its burden of demonstrating that the amount in controversy exceeds the jurisdictional minimum, the Court will grant Plaintiff's Motion to Remand.

### III. CONCLUSION

It is **ORDERED** that Plaintiff's Motion to Remand be, and it is hereby, **GRANTED**. It is **FURTHER ORDERED** that Plaintiff's Motion to Amend Complaint be, and it is hereby, **DISMISSED AS MOOT** without prejudice to renewal in the state court.