UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v. ARTHUR H. GOETZ et al., Copartners under the Firm Name of STOUT & Co., Respondents.

Argued January 14, 1941; decided March 6, 1941.

*Stewart Maurice* for appellant.

*Harold S. Lynton* and *Samuel H . Kaufman* for respondents.

DESMOND, J. Negotiable bonds, stolen from plaintiff's assignor, were sold by defendant brokers, for the thief or his agent, to holders in due course. Upon notice that the bonds had been stolen, defendants, in accordance with the rules of the stock exchange, repurchased them, and have since retained possession of them.

Plaintiff brought an action against defendants for conversion of the bonds. Defendants by way of answer set up what was termed a counterclaim for a declaratory judgment that they were the owners of the bonds by reason of having purchased them from holders in due course, whose rights they acquired. Upon a motion by defendants, opposed by plaintiff, the equitable issue raised by the counterclaim was directed to be tried first and trial of the issues raised by the complaint was stayed. Trial of the issues presented by the counterclaim was had before a court without a jury after denial of a motion by plaintiff for a separate trial by jury of certain specified issues of fact. Judgment was rendered in favor of defendants, upon their counterclaim, that they were the owners of the bonds free from any and all claims and the complaint was dismissed. From a unanimous affirmance of the Appellate Division this appeal was taken by leave of this court.

It is conceded that the persons to whom defendants sold the securities and from whom they repurchased them, were holders in due course. Defendants contend that upon reacquiring the bonds they succeeded to the purchaser's rights and were, therefore, themselves holders in due course. Plaintiff contends that defendants were parties to the original fraud or illegality affecting the title to the bonds and could not become holders in due course under

section 98 of the Negotiable Instruments Law (Cons. Laws, ch. 38) and the decision of this court in *Gruntal* v. *United States Fidelity & Guaranty Co.* (254 N. Y. 468).

The question whether defendants had, at the time they offered the bonds for sale, actual or constructive notice that they had been stolen was on this record one of fact. The bonds were complete and regular on their face. It cannot be said as matter of law that defendants were chargeable with notice of the defect in title because of their failure to use the standard of care prescribed by the rules of the stock exchange for brokers dealing with a new account or because of their failure to observe that some of the serial numbers forged upon the bonds were unusually high for such issues. The rules of the stock exchange were merely some evidence of the standard of care that should be maintained by persons dealing in securities belonging to others. The numbers forged upon the bonds were not of such a character as to make the forgery apparent; at least so the trial court could have found as a fact.

On the other hand the above-mentioned evidence is such that a jury might find that defendants were put upon inquiry as to the nature of their principal's possession of the bonds and that they were, therefore, chargeable with constructive notice of the theft. Had the conversion action been tried first the issues determined herein by the court would have been submitted to a jury. The principal question, therefore, on this appeal is whether a jury trial has been improperly denied. If the answer interposed by defendants is not a counterclaim but merely a defense plaintiff has been deprived of its constitutional right to a jury trial of the issues. The test of what constitutes an equitable counterclaim as distinguished from an equitable defense has been clearly stated by this court. The distinction lies in whether the facts stated in the so-called counterclaim show a need for affirmative relief for the complete protection of the defendants or if proven would merely defeat the plaintiff's cause of action. (*Susquehanna S. S. Co.* v. *Andersen & Co.*, 239 N. Y. 285; *Walker* v. *American Central Ins. Co.*,

143 N. Y. 167, and *Bennett* v. *Edison Electric Illuminating Co.,* 164 N. Y. 131.)

Testing the facts set forth in the counterclaim by the rule of the cases cited, we find here no need for affirmative relief. In order to defeat the cause of action for conversion stated in the complaint, the burden would have been on the defendants to show that they were holders in due course. (Negotiable Instruments Law, § 98.) A judgment in their favor in the conversion action would have been determinative of any claim plaintiff might make to the bonds. The judgment that has here been rendered upon the counterclaim does no more. The argument that defendants are in the need of affirmative equitable relief in the nature of a declaratory judgment in order to render the title to the bonds marketable is illusory. Defendants' title to the bonds is disputed only by plaintiff and it is only as against plaintiff that a declaratory judgment was asked. Thus by labeling a mere defense to plaintiff's cause of action a counterclaim, defendants have deprived plaintiff of its right to have a disputed question of fact tried by a jury.

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Judgments reversed, etc.