VICTOR LEVINE, as Trustee, Appellant, v. LEONARD P. LEVY, Respondent.— Order insofar as appealed from modified in accordance with the memorandum and, as modified, affirmed, without costs of this appeal to either party. Memorandum: Defendant admits all the allegations of paragraph 7 of the complaint, except that he denies that he ever promised to pay plaintiff an extra $30,000 if he should purchase a further interest from Christine Cromwell Hoffman. Such denial, in our judgment, is sham. There is no question that defendant made the promise, although claimed to have been made under duress. It was not void, but voidable (5 Williston on Contracts [Rev. ed.], § 1624). The denials contained in paragraph 2 of the amended answer should, therefore, be stricken out. The defenses contained in the amended answer being sufficient in law upon their face, and issues of fact being present, plaintiff's other motions were properly denied. The order appealed from should, therefore, be modified by striking out the denials contained in paragraph 2 of the amended answer, and, as modified, affirmed. All concur. (Appeal from part of an order denying a motion to strike out defenses in answer.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ. [See post, p. 1011.]

∎

VICTOR LEVINE, as Trustee, Appellant, v. LEONARD P. LEVY, Respondent.— Order modified in accordance with the memorandum and, as modified, affirmed, without costs of this appeal to either party. Memorandum: The fact that the attached interests are contingent remainders is "good cause shown" for an extension of the time within which to commence an action to reduce them to possession pursuant to section 922 of the Civil Practice Act. There is, however, no authority for determining the amount of defendant's interest on this motion. The amount is variously stated in the parties' affidavits and in the certificate of the garnishee. The order appealed from should, therefore, be modified by striking out the first full ordering paragraph thereof, and substituting therefor the following: " Ordered that the time within which an action to reduce to possession under section 922 of the Civil Practice Act may be commenced be extended to ninety days from the termination of the respective trusts as to each interest attached," and, as modified, affirmed. All concur. (Appeal from an order for defendant on a motion to extend time to bring an action to reduce to possession trust estate on which levy was made.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ. [See post, p. 1012.]

∎

HELEN HARKINS, Respondent, v. ROBERT H. GILKEY et al., Appellants.— Order insofar as appealed from affirmed, with $10 costs and disbursements. All concur. (Appeal from part of an order denying defendants' motion for summary judgment, in a negligence action. Defendants ask dismissal under rule 113 of the Rules of Civil Practice on the grounds that their defense of release is sufficient as matter of law.) Present — McCurn, P. J., Vaughan, Kimball, Wheeler and Van Duser, JJ.