Benjamin Brenner, J.
This is an action brought to dissolve a partnership and for an accounting, etc. Plaintiff moves, pursuant to subdivision 6 of rule 109 of the Buies of Civil Practice, to strike out the affirmative defense and dismiss the counterclaim for insufficiency. The answer denies the existence of a partnership as alleged in the complaint. The special defense and counterclaim are based on a contract other than that claimed by plaintiff.
Both parties concede in their pleadings that they entered upon a joint venture for the purpose of conducting a machine shop; each, however, relies on different terms and dates of the alleged agreement. The complaint alleges the copartnership to have commenced on or about December 1, 1956, without execution of a written agreement. Defendant in his answer denies this and alleges in his affirmative defense and counterclaim that the subsequent agreement of February, 1957 established a copartnership at will, which provided inter alia for weekly salaries, amounts of contributions and division of profits or losses. Each party thus alleges that both are bound by differing agreements. It is moreover questioned whether the first was actually consummated, it being claimed by defendant that he refused to execute the prepared written agreement because the terms contained therein were not those agreed upon. Therefore it cannot be said, as plaintiff contends, that the defendant’s counterclaim would require determination of the same facts which would resolve the issues of the complaint.
The defendant’s claim of different contractual terms additionally entitles him to prove his cause for equitable and affirmative relief which, if proven, would also defeat plaintiff’s cause of action, for though the defendant pleads both an equitable defense and an equitable counterclaim they are distinguishable, as noted in United States Fid. & Guar. Co. v. Goetz (285 N. Y. *499 74, 78), wherein the court stated: “The distinction lies in whether the facts stated in the so-called counterclaim show a need for affirmative relief for the complete protection of the defendants or if proven would merely defeat the plaintiff’s cause of action. (Susquehanna S. S. Co. v. Andersen & Co., 239 N. Y. 285 [and other cases cited].) ”
I therefore find the counterclaim proper and the affirmative defense sufficient in law upon its face. Both present issues of fact (Levine v. Levy, 285 App. Div. 848). Defendant’s reference to subdivision 4 of section 109 of the Civil Practice Act has been noted, but it becomes academic in view of the decision herein.
The motion is denied. Submit order.