**Chiquita JEFFERY, Plaintiff,**

v.

**CROSS COUNTRY BANK and Applied Card Systems, Inc., Defendant.**

No. 00–C–0978.

United States District Court, E.D. Wisconsin.

Feb. 7, 2001.

DeVonna Joy, Muskego, WI, for Plaintiff or Petitioner.

James E. Bartzen, Mario Mendoza, Boardman Suhr Curry & Field, Madison, WI, for Cross Country Bank, Applied Card Systems, Inc.

### DECISION AND ORDER

ADELMAN, District Judge.

## I. BACKGROUND

Plaintiff Chiquita Jeffery initially sued defendant Cross Country Bank ("Cross Country") in state court alleging that Cross Country violated Wisconsin's consumer debt collection and privacy laws by making harassing telephone calls to her. Subsequently, plaintiff amended her complaint to add Applied Card Systems ("Applied"), an agent of Cross Country, as a defendant. In her first amended complaint plaintiff did not specify the amount of damages she sought.

On July 11, 2000, pursuant to 28 U.S.C. §§ 1441(a) and 1446, Applied filed a notice of removal in this court stating that the parties were diverse, that the amount in

controversy exceeded $75,000 and that Cross Country consented to removal. *See* 28 U.S.C. § 1332. Applied's counsel also notified plaintiff's counsel by telephone of its intention to remove. The phone call apparently prompted plaintiff to immediately file a second amended complaint, identical to the first amended complaint except that it alleged that the amount in controversy did not exceed $75,000, exclusive of interest and costs. Plaintiff filed her second amended complaint in state court on July 11. Applied filed a copy of its notice of removal in state court on July 12.

Plaintiff now moves to remand the case to state court based on the absence of subject matter jurisdiction, namely that the amount in controversy does not exceed $75,000.

## II. DISCUSSION

 A state court defendant may remove an action to federal court if the action could have been initiated in federal court. 28 U.S.C. § 1441(a). The burden of showing that federal jurisdiction exists falls on the party seeking a federal forum. *Chase v. Shop 'N Save Warehouse Foods, Inc.,* 110 F.3d 424, 427 (7th Cir.1997). Any defect in the removal procedure or the lack of subject matter jurisdiction requires a remand. *In re Amoco Petroleum Additives Co.,* 964 F.2d 706, 708 (7th Cir. 1992). The removal statute is strictly construed against removal, and all doubt is resolved in favor of remand. *Doe v. Allied–Signal, Inc.,* 985 F.2d 908, 911 (7th Cir.1993). In determining whether removal is proper, the federal court is limited to considering the facts existing at the time of removal. *Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir.1993). Normally, the federal court in a removal action determines the amount in controversy merely by looking at plaintiff's state court complaint. *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 366 (7th Cir.1993).

 I begin the analysis by determining the relevant facts as of the time of removal. The first question is when the case was removed. Under 28 U.S.C. § 1446(d) removal is effected by the defendant's taking three procedural steps: filing a notice of removal in federal court, giving prompt written notice to adverse parties and filing a copy of the notice in state court. While it has been held that removal is effected when the notice is filed in federal court,[1] the rule most consistent with the language of § 1446(d) is that removal is not effective until all the steps required by the statute have been completed. *Anthony v. Runyon,* 76 F.3d 210, 214 (8th Cir. 1996); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3737 at 382 (3d ed.1998). Thus, in the present case removal was effected on July 12 when a copy of the notice of removal was filed in state court.[2]

 The next question is the effect, if any, of plaintiff's statement disavowing a damage claim in excess of $75,000 on Applied's right to remove. Plaintiff filed her statement on July 11, one day before removal was effected, and thus, if otherwise valid, it clearly precludes removal. Moreover, there is no doubt that a plaintiff is entitled to waive her right to recover more than the minimum amount in controversy. *In Re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir.1997). A defendant cannot force a plaintiff to take more than the minimum jurisdictional amount when she expresses a clear wish not to do so. *In Re Amino Acid Lysine Antitrust Litig.,* 918 F.Supp. 1181, 1185–86 (N.D.Ill.1996). Litigants may prevent removal by filing a binding document stating that they will not seek more than the minimum jurisdictional amount, as long as they do so prior to removal. *In Re Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir.1992). Applied argues

---

1. *Berberian v. Gibney,* 514 F.2d 790 (1st Cir. 1975).

2. Neither party discusses when written notice of removal was given to plaintiff, thus I assume it was no later than July 12.

that I should not give effect to plaintiff's statement because she had no right to amend her state court complaint a second time without permission from the court or the adverse party. *See* Wis. Stat. § 802.09(1). Plaintiff replies that under the statute, leave to amend "shall be freely given at any stage of the action when justice so requires." *Id.*

 I conclude that plaintiff's disavowal of damages in excess of the minimum jurisdictional amount constitutes a valid waiver of her right to seek more than $75,000. Waiver is the intentional relinquishment of a known right. *Johnson v. Zerbst,* 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Plaintiff's statement is a clear and unequivocal relinquishment of her right to seek more than $75,000 in damages. The fact that plaintiff included her statement in a second amended complaint filed without seeking leave of court does not nullify its effect. Plaintiff could have filed the statement in another form such as a stipulation or affidavit without permission. Further, under the statute, plaintiff's amendment would surely have been permitted because its only effect was to clarify the amount of her damage claim. Finally, the amendment was signed by counsel, who is an officer of the court and who owes a duty of candor to the tribunal. As such it is reasonable to treat the statement as a valid waiver. *See Burns v. Windsor Ins. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994). Plaintiff thus timely waived her right to recover more than the jurisdictional amount and, accordingly, this court lacks subject matter jurisdiction. Therefore, the matter will be remanded to Milwaukee County Circuit Court.

 Plaintiff also seeks payment of the costs and attorneys fees she incurred as a result of Applied's removal. Title 28 U.S.C. § 1447(c) provides that an order of remand "may require" payment of such costs. An award of fees and costs is discretionary with the court. *Tenner v. Zurek,* 168 F.3d 328, 330 (7th Cir.1999). The facts of the present case are unusual. When Applied filed its notice of removal in this court, it reasonably believed that there was a statutory basis for removal. Applied could not have anticipated that plaintiff would immediately file a waiver of the right to seek damages in excess of the jurisdictional amount in state court. Thus, I do not believe that costs or attorney's fees are warranted. Accordingly, plaintiff's motion for such an award will be denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand to Milwaukee County Circuit Court is **GRANTED** and this case is **REMANDED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for costs and fees is **DENIED.**

The Clerk of Court is directed to forward a certified copy of this order and the docket in this action to the Milwaukee County Circuit Court.