FILED

Jul 03 2018, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Larry L. Barnard
Grant A. Liston
Carson Boxberger LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

Nathaniel Lee
Jennifer Lee
Lee Cossell & Crowley, LLP
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

William R. Harr and
Finster Courier, Inc. d/b/a
Elite Express,

*Appellants-Defendants/Cross-Appellees,*

v.

Julian Hayes and Tracey Hayes,

*Appellees-Plaintiffs/Cross-Appellants.*

July 3, 2018

Court of Appeals Case No.
49A02-1711-CT-2595

Appeal from the Marion Superior
Court

The Honorable John F. Hanley,
Judge

Trial Court Cause No.
49D11-1510-CT-35449

**Robb, Judge.**

# Case Summary and Issues

[1] Following an accident between two semi-tractor trailers, a lawsuit commenced between the two drivers, Julian Hayes ("Hayes") and William R. Harr, and Harr's employer, Finster Courier, Inc., d/b/a/ Elite Express (collectively, "Defendants"). The Defendants attempted to remove the case to federal court contending the parties were citizens of different states and that the amount in controversy exceeded $75,000. Hayes objected to removal, arguing such action was premature and that the amount in controversy did not exceed $75,000. The district court determined it lacked subject matter jurisdiction and remanded the case to state court. Following a jury verdict in state court of $187,500 in favor of Hayes, the Defendants filed a motion to correct error and asked the trial court to modify the judgment to $75,000 based on the doctrines of judicial estoppel, waiver, and judicial admission. The trial court denied the Defendants' motion and the Defendants now appeal, raising the sole issue of whether the trial court erred in denying their motion to correct error. Hayes cross-appeals, arguing the appeal is frivolous and requesting attorneys' fees. Concluding the trial court did not err in denying the Defendants' motion to correct error and that Hayes is not entitled to attorneys' fees, we affirm.

# Facts and Procedural History

[2] On July 23, 2015, two semi-tractor trailers collided on Interstate 465 causing injury to one of the drivers, Julian Hayes. On October 26, 2015, Hayes filed suit in the Marion Superior Court against the other driver, William Harr, and

Harr's employer, Finster Courier, Inc., d/b/a/ Elite Express.[1] Almost immediately, Defendants filed a notice of removal alleging diversity of citizenship under 28 U.S.C. § 1332. 28 U.S.C. § 1332 provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States . . . .

The Defendants alleged that the district court possessed diversity jurisdiction because "the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs," and that Harr is a citizen of Pennsylvania, Finster is incorporated in New Jersey, and Hayes is a citizen of Indiana. Appellees' Appendix, Volume II at 5-6. Upon the Defendants' motion, the case was removed to the United States District Court for the Southern District of Indiana, Indianapolis Division. On December 16, 2015, Hayes filed a motion to remand, arguing removal was "pre-mature in not having conducted discovery to investigate the amount of this claim or even inquire as to Plaintiff's demand." Appellants' Corrected Appendix, Volume II at 52. Hayes alleged that the district court lacked subject matter jurisdiction:

---

[1] The complaint was subsequently amended to add Tracy Hayes, Hayes' wife, as a plaintiff.

3. Plaintiff further provides that diversity jurisdiction is not met in this matter because the amount in controversy does not exceed Seventy-Five Thousand Dollars ($75,000.00).

* * *

6. On December 16, 2015, Plaintiff submitted his first demand to Defendants in the amount of Seventy-Two Thousand, Five Hundred Dollars ($72,500.00). [Exhibit "I"].

7. Therefore, even if the citizenship of the parties is diverse, the requirements of diversity jurisdiction under 28 U.S.C. §1441 are not met because the amount in controversy does not exceed Seventy-Five Thousand Dollars ($75,000.00).

*Id.* at 52-53.

[4] At the time of removal, Hayes had been released to return to work full time but was receiving ongoing medical treatment and had accumulated around $3,500 in medical bills. His workers compensation claim was still being processed. The same day Hayes filed the motion to remand, he also submitted a settlement demand for $72,500. In response, the Defendants sent a letter stating that they would agree to remand the case if Hayes would "provide[] assurance that he would not execute on any potential judgment over $75,000," and included a proposed covenant not to execute. *Id.* at 77. Hayes responded that "WE [sic] cannot agree to any agreement without payment. Are you offering the $75,000? If so, send a check." *Id.*

[5]     On December 29, Defendants objected to remanding the case, arguing the amount in controversy was clearly over $75,000 because Hayes refused to sign the proposed covenant. *Id.* at 78. On January 20, 2016, the district court granted Hayes' motion to remand, determining that it lacked subject matter jurisdiction because it is the removing party's burden to establish by a preponderance of the evidence that each requirement of 28 U.S.C. § 1332 has been met and "Defendants have made no effort whatsoever to explain why they had a good faith belief, at the time of removal, that the amount in controversy exceeded $75,000." *Id.* at 78-79.

[6]     With the case back in Marion Superior Court, Defendants filed a motion to limit entry of judgment. The basis of the Defendants' motion was the district court's grant of Hayes' motion to remand in which Hayes asserted the district court lacked subject matter jurisdiction "because the amount in controversy does not exceed $75,000." *Id.* at 46. Defendants therefore argued that, "Under the doctrine of judicial estoppel, any judgment entered in favor of the Plaintiffs in this case must be limited to $75,000.00." *Id.* at 47. Defendants included in their motion to limit entry of judgment what they purported to be a "true and exact copy of the [district] Court's Order . . . marked as Exhibit 'C.'" *Id.* However, Defendants' Exhibit C omitted page 5 of the district court's order in which the district court discussed the Defendants' failure to meet their burden of proof regarding each requirement of 28 U.S.C. § 1332.

[7]     On July 31, 2017, Hayes moved to strike the Defendants' motion to limit damages. Hayes cited the omitted page of the district court's order and argued

"the [district] Court order clearly demonstrates that the Defendants failed to meet their burden to demonstrate all of the elements necessary for federal court jurisdiction." *Id.* at 64. In a supplemental response to the Defendants' motion to limit entry of judgment, Hayes stated that since the removal action, a physician had determined that Hayes had an 8% permanent impairment and that his medical expenses totaled over $21,000. These facts, coupled with Hayes' "ongoing and incomplete" treatment, Hayes argued, caused the current value of the case to be "substantially higher today than at the time this lawsuit was filed." *Id.* at 87. Therefore, while Hayes "would have gladly accepted $72,500.00" at the time of removal, "the value has increased and the Defendant[s] owe more than the original amount in controversy." *Id.* at 88.

[8] A jury trial was conducted on August 8 and 9, 2017. The jury returned a verdict for Hayes in the amount of $187,500 and the trial court subsequently denied Defendants' motion to limit entry of judgment to $75,000 and Defendants' motion to correct error regarding the same. In so doing, the trial court explained:

> This Court remains troubled by the notion that a party may represent to the U.S. District Court that the amount in controversy in a case is less than the jurisdictional requirement, and then, once remanded, that it exceeds that amount. However, neither party has pointed to any precedent which expressly prohibits such a practice. The parties submitted this matter to a jury in this Court for determination. The jury, as the trier of fact, determined that the Plaintiffs' damages totaled One Hundred Eight-Seven [sic] Thousand Five Hundred and 00/100 Dollars

($187,500.00). The Court finds that the jury's verdict should not be disturbed.

Order at 4.

Defendants now appeal and Hayes cross-appeals for an award of attorneys' fees, costs, and post-judgment interest, alleging that Defendants filed the underlying "frivolous appeal, which is meritless and . . . filed in bad faith, for purposes of harassment, and delay." Response Brief of Appellee at 25.

# Discussion and Decision

# I. Defendants' Appeal:  Jury Award

Defendants allege the trial court erred in denying their motion to correct error and refusing to modify the verdict entered by the jury to $75,000 under the doctrines of judicial estoppel, waiver, and/or judicial admission.

## A. Standard of Review

We review rulings on motions to correct error for an abuse of discretion. *Walker v. Kelley*, 819 N.E.2d 832, 836 (Ind. Ct. App. 2004).  An abuse of discretion occurs if the trial court's decision was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law. *Id*.  However, to the extent a motion to correct error presents purely questions of law, we review such questions de novo. *Indiana BMV v. Charles*, 919 N.E.2d 114, 116 (Ind. Ct. App. 2009).

# B. Judicial Estoppel

[12] Defendants allege that trial court erred in denying their motion to correct error and failing to modify the verdict entered by the jury to $75,000 under the doctrine of judicial estoppel.

[13] This court has previously explained,

> Judicial estoppel is a judicially created doctrine that seeks to prevent a litigant from asserting a position that is inconsistent with one asserted in the same or a previous proceeding. Judicial estoppel is not intended to eliminate all inconsistencies; rather, it is designed to prevent litigants from playing "fast and loose" with the courts. The primary purpose of judicial estoppel is not to protect litigants but to protect the integrity of the judiciary. The basic principle of judicial estoppel is that, absent a good explanation, a party should not be permitted to gain an advantage by litigating on one theory and then pursue an incompatible theory in subsequent litigation. Judicial estoppel only applies to intentional misrepresentation, so the dispositive issue supporting the application of judicial estoppel is the bad-faith intent of the litigant subject to estoppel.

*Price v. Kuchaes*, 950 N.E.2d 1218, 1227-28 (Ind. Ct. App. 2011) (citation omitted), *trans. denied.*

[14] In turn, Hayes argues judicial estoppel is inapplicable for four reasons: (1) Hayes' motion to remand in federal court was not a pleading; (2) Hayes did not repudiate an earlier position; (3) the removal action was not part of the proceeding before the state trial court; and, (4) that at the time of removal,

Hayes' statement of the amount in controversy was not a material misrepresentation.

[15] First, Hayes asserts that judicial estoppel is "completely inapplicable here because Hayes' motion to remand is not a pleading under the state or federal rules." Br. of Appellees at 19. Although our supreme court has described judicial estoppel as precluding "a party from repudiating assertions in the party's own pleadings," *PSI Energy, Inc. v. Roberts*, 829 N.E.2d 943, 957 (Ind. 2005), *aff'd on reh'g*, 834 N.E.2d 665, we are unaware of—and Hayes has failed to provide us with—authority limiting the doctrine of judicial estoppel to pleadings. To the contrary, we have consistently applied the doctrine of judicial estoppel to matters outside of pleadings. *See Hay v. Baumgartner*, 903 N.E.2d 1044, 1049 (Ind. Ct. App. 2009) (holding party was judicially estopped from stipulating to issuance of preliminary injunction and then complaining such injunction was wrongfully entered); *Robson v. Texas E. Corp.*, 833 N.E.2d 461, 466 (Ind. Ct. App. 2005) ("Judicial estoppel is applicable when a bankrupt debtor fails to disclose a cause of action as an asset in bankruptcy proceedings and then pursues the omitted cause of action in a subsequent proceeding."), *trans. denied; Lumbard v. Farmers State Bank*, 812 N.E.2d 196, 201 (Ind. Ct. App. 2004) (holding party was judicially estopped from complaining of defects with one piece of evidence while repeatedly referencing document containing the same defect).

[16] Second, Hayes contends that he "never repudiated his assertion to the District Court that the removal is premature." Br. of Appellees at 19. The Defendants'

argument regarding judicial estoppel, however, involves Hayes' claim that the amount in controversy did not exceed $75,000, not Hayes' claim that removal was premature. Indeed, at least at first glance, Hayes' motion to remand is seemingly inconsistent. On one hand, Hayes stated that the Defendants' motion for removal was "pre-mature in not having conducted discovery to investigate the amount of this claim or even inquire as to [Hayes'] demand," while on the other hand, Hayes stated that "the amount in controversy does not exceed $75,000, [and] as such the requirements of diversity jurisdiction are not met." Appellants' Corrected App., Vol. II at 52. Twice more in the motion to remand, Hayes asserted:

> 3. Plaintiff further provides that diversity jurisdiction is not met in this matter because the amount in controversy does not exceed Seventy-Five Thousand Dollars ($75,000.00).

> [and]

> 7. Therefore, even if the citizenship of the parties is diverse, the requirements of diversity jurisdiction under 28 U.S.C. §1441 are not met because the amount in controversy does not exceed Seventy-Five Thousand Dollars ($75,000.00).

*Id.* at 52-53. However, when viewed in the context of Hayes' argument that removal was "pre-mature in not having conducted discovery," *id.* at 52, and that Defendants had failed to meet their burden, Hayes' statements could reasonably be read to mean that the amount in controversy did not *presently* exceed $75,000—not that it would *never* exceed $75,000.

[17] Later, Hayes argued that additional evidence and further medical treatment had caused the current case valuation to be "substantially higher today than at the time this lawsuit was filed" and that although he "would have gladly accepted $72,500.00" at the time of removal, "the value has increased and the Defendant[s] owe more than the original amount in controversy." *Id.* at 87-88. Hayes did, therefore, at least partially repudiate his statement that the amount in controversy did not exceed $75,000.

[18] Third, Hayes appears to argue that judicial estoppel does not apply because the "removal action before the District Court was not part of the proceeding before the state trial court." Br. of Appellee at 19. This is of no matter. As noted, judicial estoppel is designed to prevent litigants from playing "fast and loose" with the courts and is designed to protect the judiciary, not individual litigants. *Price*, 950 N.E.2d at 1227. We see no logical reason that judicial estoppel should be limited to representations made in the same litigation or to the same tribunal and we are unaware of precedent so limiting the doctrine. *See, e.g., Walton v. Bayer Corp.,* 643 F.3d 994, 1003 (7th Cir. 2011) (noting that because judicial estoppel's purpose is to deter fraud in litigation, judicial estoppel should prevent a party from taking a position in state court counter to the position it used to obtain remand in federal court); *Alaska Seaboard Partners Ltd. P'ship v. Hood,* 949 N.E.2d 1247, 1255 (Ind. Ct. App. 2011) (holding judicial estoppel barred company from taking a position in a state action counter to the position of a related company in a California state action); *Robson*, 833 N.E.2d at 473 (concluding genuine issues of material fact remain regarding judicial estoppel

where plaintiffs omitted a cause of action in previous bankruptcy proceedings and later pursued the action in state court).

[19] Fourth and finally, Hayes contends that because his statement regarding the amount in controversy was not a material misrepresentation at the time of removal, judicial estoppel is inapplicable. On this point, we agree.

[20] As we have previously explained, "[j]udicial estoppel only applies to intentional misrepresentation, so the dispositive issue supporting the application of judicial estoppel is the bad-faith intent of the litigant subject to estoppel." *Robson*, 833 N.E.2d at 466. And, we have noted that the "basic principle of judicial estoppel is that, *absent a good explanation,* a party should not be permitted to gain an advantage by litigating on one theory and then pursue an incompatible theory in subsequent litigation." *Id.* (emphasis added).

[21] At the time of Hayes' representations regarding the amount in controversy, Hayes' medical bills totaled only $3,500 and Hayes submitted his first demand to the Defendants in the amount of $72,500. *See Grinnell Mut. Reinsurance Co. v. Haight,* 697 F.3d 582, 585 (7th Cir. 2012) (noting that although settlement negotiations are not admissible at trial, they can be considered "to show the stakes" when determining the amount in controversy). Although Hayes was receiving ongoing medical treatment, it was not until after the case was

remanded that Hayes added his wife's claim and he learned that he suffered an 8% permanent impairment. [2]

[22] Defendants removed this action without filing interrogatories as to the specific monetary damages claimed, or otherwise investigating the specific monetary amount. Therefore, in conjunction with his representations regarding the amount in controversy, Hayes argued that removal "was pre-mature in not having conducted discovery to investigate the amount of this claim or even inquire as to Plaintiff's demand." Appellants' Corrected App., Vol. II at 52. Accordingly, we have no reason to believe that Hayes intentionally misrepresented the amount in controversy or that Hayes acted in bad faith.

[23] Ongoing medical treatment and growing medical expenses, however, are not uncommon in personal injury actions. For this reason alone, plaintiffs should be cautious of proclaiming that the amount in controversy does not exceed $75,000—lest they be held to their word. In this regard, we share the trial court's concern "that a party may represent to the U.S. District Court that the amount in controversy in a case is less than the jurisdictional requirement, and then, once remanded, that it exceeds that amount." Order at 4. Under certain circumstances, judicial estoppel would serve to prevent a plaintiff from making

---

[2] Although we have no reason to believe that Hayes' subsequent addition of his wife's claim was due to broader litigation strategy to keep his claim out of federal court, we place little significance on this fact due to its potential for abuse.

representations to defeat diversity jurisdiction and then claiming otherwise in subsequent litigation. Such facts, however, are not presently before us.

[24] We have explained that judicial estoppel is not meant to be a technical defense to "derail potentially meritorious claims" and that we must give "due consideration to all of the circumstances of a particular case." *Morgan Cty. Hosp. v. Upham*, 884 N.E.2d 275, 280 (Ind. Ct. App. 2008), *trans. denied*. Here, the Defendants filed a motion to remove the case to federal court based on diversity jurisdiction. As such, it was the Defendants who bore the burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeded $75,000. *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824-25 (7th Cir. 2013). But, as the district court concluded, the Defendants utterly failed to meet their burden of proof:

> . . . Here, Defendants have made no effort whatsoever to explain why they had a good faith belief, at the time of removal, that the amount in controversy exceeded $75,000, exclusive of interest and costs. Indeed, their only statement in the Amended Petition for Removal regarding the amount in controversy is that "the amount in controversy exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs." Defendants do not point to any evidence to support their statement.

> Further, Mr. Hayes specifically argues in the Motion to Remand that Defendants did not complete any pre-lawsuit discovery, and that removal was premature without such discovery. But Defendants do not respond to Mr. Hayes' argument at all, and still do not present any evidence in their response brief to support their belief that the amount in controversy exceeded $75,000,

exclusive of interest and costs, at the time of removal. Instead, Defendants rely solely on post-removal events which, as discussed above, are irrelevant to the Court's analysis regarding whether removal was proper in the first place. Mr. Hayes has challenged Defendants' assertion that the amount in controversy exceeds $75,000, exclusive of interest and costs, and Defendants have failed to meet their burden of showing by a preponderance of evidence — evidence existing at the time of removal — that the amount in controversy requirement is met.

* * *

. . . Defendants had every opportunity to explain why they believed at the time of removal that the amount of controversy exceeded $75,000, exclusive of interest and costs, but chose not to do so. Accordingly, the Court finds that the removal was improper and that remand to the Marion Superior Court is necessary.

Appellants' Corrected App., Vol. II at 69-71 (citations to record omitted).

Interestingly, Defendants omitted the page containing the vast majority of the foregoing text from their motion to limit judgment to $75,000.[3] Nevertheless, as

---

[3] In Defendants' motion to limit judgment to $75,000, Defendants state that "A true and exact copy of the [district] Court's Order is attached hereto and marked as Exhibit 'C.'" Appellants' Corrected App., Vol. II at 47. Exhibit C, however, contained only pages 1-4 and 6 of the district court's order, omitting page 5 with the discussion regarding the Defendants' failure to meet their burden of proof. *Id.* at 54-58. The exhibit therefore misrepresented to the trial court the reasoning of the district court's order by incorrectly suggesting that the case was remanded because of Hayes' statement of the amount in controversy, not the Defendants' failure to meet their burden. We note also that Hayes brought this omission to the Defendants' attention in an email prior to filing his response, *id.* at 72, and yet the Defendants did not amend their motion to include the order in its entirety.

We are deeply troubled by the Defendants' *all too convenient* omission and we remind counsel of Indiana Professional Conduct Rule 3.3(a)(3) requiring candor to the tribunal and precluding a lawyer from knowingly providing evidence the lawyer knows to be false. "[T]he accuracy of documents and instruments utilized by

the order makes clear, the district court remanded the case because of the Defendants' failure to satisfy their burden—not Hayes' statement regarding the amount in controversy. After all, federal courts determine the amount in controversy on the date the suit was filed in state court and at the time of removal. *See, e.g., Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir. 1993). Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

[26] Judicial estoppel is limited to instances where "the allegations or admissions must have been acted on by the court." *Tobin v. McClellan,* 225 Ind. 335, 347, 73 N.E.2d 679, 684 (1947). We addressed this element in *Allstate Ins. Co. v. Dana Corp.*, emphasizing that "[a]n essential part of the doctrine [of judicial estoppel] is that it prohibits a party from presenting a position contrary to one upon which it previously prevailed." 737 N.E.2d 1177, 1193 (Ind. Ct. App. 2000), *vacated in part on other grounds and summarily aff'd*, 759 N.E.2d 1049 (Ind. 2001). Here, although Hayes' position was technically successful, that success was due to the Defendants' failure—not Hayes' post-removal representations. After conducting further discovery or issuing interrogatories as to Hayes'

a tribunal in a proceeding is of the utmost importance to the administration of justice and . . . fraudulent alteration of such documents by an officer of the court is therefore severe misconduct." *Matter of Fisher*, 684 N.E.2d 197, 200 (Ind. 1997).

specific monetary damages, Defendants could have removed the case again.[4] They chose, however, not to do so.

[27] To the extent Defendants rely on federal courts applying judicial estoppel in similar contexts, we find such cases distinguishable. Two of the cases involve pre-removal limitations of damages, as opposed to post-removal representations regarding the amount in controversy. *Ratliff v. Merck & Co., Inc.*, 359 F.Supp.2d 571, 576 (E.D. Ky. 2005); *Adoff v. Protus IP Solutions, Inc.*, 2009 WL 3380328 (D. Md. 2009). In the third case, the district court considered a stipulation by affidavit attached to the plaintiff's motion to remand that "total damages claimed in this action are $54,000." *Fenger v. Idexx Labs., Inc.*, 194 F.Supp.2d 601, 604 (E.D. Ky. 2002). The district court concluded that the doctrine of judicial estoppel would apply to prevent the plaintiff from later claiming a different amount of damages because it had adopted "the position urged by the plaintiff." *Id.* at 605. Here, the district court did not adopt Hayes' argument and Hayes' representations regarding the amount in controversy are dissimilar to an express limitation of damages by a stipulation in an affidavit.[5]

---

[4] 28 U.S.C. §1446(b)(3) allows a defendant to file a notice of removal within thirty days after the receipt of "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Removal is subject to the one-year limitation of 28 U.S.C. §1446(c).

[5] Moreover, although the Sixth Circuit has apparently permitted such consideration, the Seventh Circuit has repeatedly rejected such practice. *See Matter of Shell Oil Co.,* 970 F.2d 355, 356 (7th Cir. 1992); *see also Back Doctors Ltd. v. Metro. Prop. & Cas. Ins. Co.,* 637 F.3d 827, 830 (7th Cir. 2011) ("[E]vents after the date of removal do not affect federal jurisdiction, and this means in particular that a declaration by the plaintiff following removal does not permit remand.")

Concluding Hayes did not intentionally misrepresent the amount in controversy and that the district court did not act upon such representation, we therefore decline to apply the doctrine of judicial estoppel to the facts before us.

## C. Waiver

Next, Defendants argue the trial court erred in denying their motion to correct error to modify the judgment to $75,000 under the doctrine of waiver. We disagree.

Waiver is an intentional relinquishment of a known right. *T-3 Martinsville LLC v. U.S. Holding, LLC*, 911 N.E.2d 100, 116 (Ind. Ct. App. 2009), *trans. denied*. Waiver involves "both knowledge of the existence of the right and the intent to relinquish it." *Westfield Nat. Ins. Co. v. Nakoa*, 963 N.E.2d 1126, 1132 (Ind. Ct. App. 2012), *trans. denied*.

For this argument, Defendants rely exclusively on *Jeffery v. Cross Country Bank*, 131 F.Supp.2d 1067 (E.D. Wis. 2001). There, one day before the defendant removed the case to federal court, the plaintiff filed an amended complaint expressly stating that the amount in controversy did not exceed $75,000. Upon a motion to remand, the district court concluded that the plaintiff had waived her right to recover an amount greater than $75,000 because her statement was both timely and a "clear and unequivocal relinquishment of her right to seek more than $75,000 in damages." *Id.* at 1070. Here, Hayes' representations were neither timely, nor "clear and unequivocal." *Id.*

As discussed in the context of judicial estoppel, it is a defendant's burden to establish the amount in controversy at the time of removal. *Gould*, 1 F.3d at 547. Although we have no doubt that a plaintiff is entitled to waive his or her right to recover more than the minimum amount in controversy, *In Re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997), such waiver must occur *prior* to removal, *In Re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). Here, Hayes' representations were made *after* the Defendants had removed the case and due to the context of Hayes' argument regarding the Defendants' failure to meet their burden and removal being premature, we are not convinced that Hayes intended to relinquish a known right.

## D. Judicial Admission

Finally, Defendants argue the trial court erred in denying their motion to correct error to modify the judgment to $75,000 under the doctrine of judicial admission. Again, we disagree.

Judicial admissions are voluntary and knowing concessions of fact by a party or a party's attorney occurring at any point in a judicial proceeding. S*tewart v. Alunday*, 53 N.E.3d 562, 568 (Ind. Ct. App. 2016). "The party must testify clearly and unequivocally to a fact peculiarly within his knowledge in order for it to be considered a judicial admission." *Id.* Judicial admissions may be contained in stipulations, pleadings in the case being tried, admissions made in open court, and admissions made pursuant to a request for admissions. *Id.*

Defendants allege Hayes made a judicial admission where he repeatedly stated the amount in controversy did not exceed $75,000, while Hayes contends his argument was in the context of "then-existing facts" and that he never admitted that the "value of the case could never exceed $75,000." Br. of Appellees at 24. As we explained in *Heyser v. Noble Roman's Inc.*, "A statement which contains ambiguities or doubt is not to be regarded as a binding admission." 933 N.E.2d 16, 19 (Ind. Ct. App. 2010), *trans. denied*. Due to the context of Hayes' argument regarding the Defendants' failure to meet their burden and removal being premature, we conclude Hayes' statement contains an ambiguity and cannot therefore be regarded as a binding judicial admission.

Quite simply, the Defendants failed to meet their burden of proof before the district court and then attempted to cap Hayes' damages because of it. We therefore conclude the trial court did not err in denying the Defendants' motion to correct error.

## II. Plaintiffs' Cross-Appeal:  Attorneys' Fees

Hayes cross-appeals for an award of attorneys' fees, costs, and post-judgment interest, alleging that Defendants filed the underlying "frivolous appeal, which is meritless and . . . filed in bad faith, for purposes of harassment, and delay." Br. of Appellees at 25.

We may "assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith.  Damages shall be in the Court's discretion and may include attorneys' fees." Ind. Appellate Rule 66(E).  Our discretion to award

attorneys' fees is limited to instances when "an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Ballaban v. Bloomington Jewish Cmty., Inc.*, 982 N.E.2d 329, 339-40 (Ind. Ct. App. 2013). Due to the potential chilling effect upon the right to appeal, we must use "extreme restraint" when exercising this power. *Id.* at 340. And, "[a] strong showing is required to justify an award of appellate damages and the sanction is not imposed to punish mere lack of merit but something more egregious." *Id.*

[39] Claims for appellate attorneys' fees are classified into substantive and procedural bad faith claims. *Id.*

> To prevail on a substantive bad faith claim, the party must show that "the appellant's contentions and arguments are utterly devoid of all plausibility." Procedural bad faith, on the other hand, occurs when a party flagrantly disregards the form and content requirements of the rules of appellate procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court. Even if the appellant's conduct falls short of that which is "deliberate or by design," procedural bad faith can still be found.

*Id.* (citations omitted).

[40] Hayes first claims that the Defendants' appeal is frivolous because the "nub of this appeal is the District Court's removal/remand," and it is "exceedingly frivolous for [the Defendants] to ask the Indiana Court of Appeals to essentially overrule the District Court's remand order." Br. of Appellees at 26. The

Defendants' appeal, however, clearly asks that we review the trial court's denial of their motion to correct error—not the district court's order. The Defendants then provided a cogent argument and cited relevant authority in their attempt to apply the doctrines of judicial estoppel, waiver, and/or judicial admission to limit the entry of judgment.

[41]    Hayes next claims that the district court retained jurisdiction to rule on whether Hayes' argument before the federal court was binding on the eventual jury verdict in state court. Although the district court retained the authority to rule on "collateral matters," *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000), the issue presented here was whether Indiana law served to limit the entry of judgment under the doctrines of judicial estoppel, waiver, and/or judicial admission. This, of course, is a matter well within our purview. *See e.g., League of Women Voters of Indiana, Inc. v. Rokita,* 929 N.E.2d 758, 763 (Ind. 2010) ("A federal court's interpretation of Indiana law is not binding on Indiana state courts."). Although we concluded that the Defendants' arguments ultimately failed, such arguments were plausible and therefore do not justify punitive sanctions. *See Orr v. Turco Mfg. Co., Inc.,* 512 N.E.2d 151, 153 (Ind. 1987) (holding "plausible argument for clarification, modification or reversal of existing law" does not justify punitive sanctions).

[42]    Hayes also alleges the Defendants committed procedural bad faith throughout this litigation. Scattered throughout several pages of broad assertions and hyperbole, it appears Hayes alleges the Defendants committed procedural bad faith by: (1) waiting to admit fault on the eve of trial; (2) "constant teetering on

the value of the case"; (3) taking "immediate and premature removal, followed by a bargain for remand in exchange for a cap on damages"; (4) attempting to place a cap on Hayes' damages; (5) failing to assert a damages cap as an affirmative defense; (6) concealing facts and a misleading use of the law; (7) utilizing an improper basis for appeal; (8) initiating this appeal to delay the payment of the portion of the judgment over $75,000; and (9) being intentionally "extremely uncooperative." Br. of Appellees at 29-32.

[43] To the extent Hayes alleges the Defendants utilize an improper basis for appeal, for reasons discussed above, *see supra* ¶ 40-41, we disagree. Similarly, we are unpersuaded by Hayes' perfunctory assertion that "[a]t minimum, this appeal was filed to delay payment of the portion of the judgment over $75,000." Br. of Appellees at 29. The rest of Hayes' claims regarding procedural bad faith involve instances occurring before the trial court. Our discretion to award attorneys' fees under Appellate Rule 66(E) is limited to instances when *an appeal* is permeated with meritlessness, bad faith, frivolity, harassment, vexastiousness, or purpose of delay. These claims would be properly considered through an appeal of the trial court's denial of Hayes' motion for costs, not a cross-appeal for attorneys' fees pursuant to Appellate Rule 66(E). Hayes did not appeal such denial. Accordingly, Hayes has failed to demonstrate procedural bad faith and although this case has been particularly litigious, the Defendants do not bear such responsibility alone. We therefore deny Hayes' request for attorneys' fees.

# Conclusion

[44] For the reasons set forth above, we conclude the doctrines of judicial estoppel, waiver, and/or judicial admission are inapplicable on the facts before us. We therefore affirm the judgment of the trial court and deny Hayes' request for appellate attorneys' fees.

[45] Affirmed.

Najam, J., and Altice, J., concur.