**OPINION ON REHEARING**



ATTORNEYS FOR APPELLANTS

Larry L. Barnard
Grant A. Liston
Carson LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEES

Nathaniel Lee
Jennifer Lee
Lee Cossell & Crowley LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| William R. Harr and Finster Courier, Inc. d/b/a Elite Express, *Appellants-Defendants/Cross-Appellees,* v. Julian Hayes and Tracey Hayes, *Appellees-Plaintiffs/Cross-Appellants.* | August 15, 2018 Court of Appeals Case No. 49A02-1711-CT-2595 Appeal from the Marion Superior Court The Honorable John F. Hanley, Judge Trial Court Cause No. 49D11-1510-CT-35449 |

**Robb, Judge.**

In *Harr v. Hayes*, -- N.E.3d ---- (Ind. Ct. App. 2018), we held, in part, that where William R. Harr and Harr's employer, Finster Courier, Inc., d/b/a/ Elite Express (collectively, "Defendants"), failed to establish diversity jurisdiction in a removal action, under the specific facts presented, the doctrines of judicial estoppel, waiver, and/or judicial admission were inapplicable to limit a subsequent judgment in state court. Accordingly, we affirmed the trial court's denial of the Defendants' motion to correct error seeking modification of the judgment. The opinion included a footnote noting our dismay at the Defendants' omission of a crucial page of the district court's order remanding the case to state court submitted as Exhibit C to their motion to limit entry of judgment. Defendants have filed a petition for rehearing, contending we failed to acknowledge that the Defendants had corrected their "inadvertent omission of one page of the District Court's Order filed in connection with its Motion to Limit Judgment to $75,000.00." Petition for Rehearing at 4. We grant rehearing for the limited purpose of correcting this error.

The opinion included the following footnote:

> In Defendants' motion to limit judgment to $75,000, Defendants state that "A true and exact copy of the [district] Court's Order is attached hereto and marked as Exhibit 'C.'" Appellants' Corrected App., Vol. II at 47. Exhibit C, however, contained only pages 1-4 and 6 of the district court's order, omitting page 5 with the discussion regarding the Defendants' failure to meet their burden of proof. *Id*. at 54-58. The exhibit therefore misrepresented to the trial court the reasoning of the district

court's order by incorrectly suggesting that the case was remanded because of Hayes' statement of the amount in controversy, not the Defendants' failure to meet their burden. We note also that Hayes brought this omission to the Defendants' attention in an email prior to filing his response, *id.* at 72, and yet the Defendants did not amend their motion to include the order in its entirety.

We are deeply troubled by the Defendants' *all too convenient* omission and we remind counsel of Indiana Professional Conduct Rule 3.3(a)(3) requiring candor to the tribunal and precluding a lawyer from knowingly providing evidence the lawyer knows to be false. "[T]he accuracy of documents and instruments utilized by a tribunal in a proceeding is of the utmost importance to the administration of justice and . . . fraudulent alteration of such documents by an officer of the court is therefore severe misconduct." *Matter of Fisher*, 684 N.E.2d 197, 200 (Ind. 1997).

*Harr*, -- N.E.3d at ---- n.3.

[3] The chronological case summary notes that on July 31, 2017, four days after filing the Motion to Limit Judgment and three days after receiving an email regarding the omission, Defendants filed an "Amended Exhibit "C" to Motion to Limit Entry of Judgment to $75,000.00." Appellant's Corrected Appendix, Volume II at 10. Although the Defendants included the "Amended Exhibit "C" to Motion to Limit Entry of Judgment to $75,000.00" in their Appellants' Corrected Appendix Volume II at pages 75-80, it was not labeled as an amended exhibit, and it was not identified in the table of contents as a separate filing. In fact, the Defendants' table of contents labels pages 63-80 as "[Hayes'] Motion to Strike Pleadings." Appellants' Corrected Appendix, Volume I at 2.

Accordingly, we were unaware of the document's significance in relation to the Defendants' earlier filing, as it appeared the order in its entirety had been supplied by Hayes in his responsive pleading.

[4] Accordingly, we grant rehearing solely to acknowledge that Defendants filed an amended exhibit in the trial court to reflect the district court's order in its entirety. To the extent our opinion reflects otherwise, it is to be disregarded. We reaffirm our earlier opinion in all other respects.

Najam, J., and Altice, J., concur.