## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 17 2019, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Bradley D. Hasler
Margaret M. Christensen
Bingham Greenebaum Doll LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Traci Marie Cosby
Jess Reagan Gastineau
Office of Corporation Counsel
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Americhina, LLC, <br> *Appellant-Respondent,* <br><br> v. <br><br> Marion County Auditor and Marion County Treasurer, <br> *Appellees-Petitioners* | June 17, 2019 <br><br> Court of Appeals Case No. 18A-MI-1272 <br><br> Appeal from the Marion Circuit Court <br><br> The Honorable Sheryl Lynch, Judge <br><br> The Honorable Mark A. Jones, Magistrate <br><br> Trial Court Cause No. 49C01-1711-TP-041106 |

**Crone, Judge.**

# Case Summary

Americhina, LLC, failed to pay taxes on a tract of real property in Marion County. The tract did not sell at public auction, and Americhina did not redeem the tract within the statutory redemption period. The Marion County Auditor then filed a petition for a tax deed to the tract pursuant to Indiana Code Section 6-1.1-25-4.6. The trial court issued an order granting the petition over Americhina's objection. Americhina filed a motion to set aside the order, which was denied, and a motion to reconsider, which was also denied. Americhina then filed a motion to correct error and a motion to supplement that motion, in which it argued for the first time that the Auditor did not have jurisdiction to petition for the tax deed and therefore the petition is void. The trial court denied Americhina's motion to correct error.

Americhina now appeals. We conclude that Americhina has conflated the concepts of jurisdiction and statutory authority and that Americhina waived its argument by raising it for the first time in its motion to supplement its motion to correct error. Therefore, we affirm.

# Facts and Procedural History

The relevant facts are few and undisputed.[1] Americhina owned a tract of real property in Marion County that was offered for sale at public auction for

---

[1] The Auditor and co-appellee Marion County Treasurer claim that they "generally agree" with Americhina's straightforward statement of the case, Appellees' Br. at 6, but then include numerous irrelevant procedural details in their statement of facts.

nonpayment of taxes in October 2015. The tract did not sell, and Americhina did not redeem it within the 120-day redemption period specified in Indiana Code Section 6-1.1-25-4. In March 2016, the Auditor filed a petition for a tax deed to the tract pursuant to Section 6-1.1-25-4.6, which reads in pertinent part as follows:

> (a) After the expiration of the redemption period specified in section 4 of this chapter but not later than three (3) months after the expiration of the period of redemption:
>
>> (1) the purchaser, the purchaser's assignee, the county executive, the county executive's assignee, or the purchaser of the certificate of sale[2] under IC 6-1.1-24-6.1 may; or
>>
>> (2) in a county where the county auditor and county treasurer have an agreement under section 4.7 of this chapter, the county auditor shall, upon the request of the purchaser or the purchaser's assignee;
>
> file a verified petition in accordance with subsection (b) in the same court in which the judgment of sale was entered asking the

---

[2] Indiana Code Section 6-1.1-24-6(a) provides that if a tract of real property does not fetch the minimum sale price at auction, "the county executive acquires a lien in the amount of the minimum sale price. This lien attaches on the day on which the tract or item was offered for sale." "When a county executive acquires a lien under this section, the county auditor shall issue a tax sale certificate to the county executive in the manner provided in section 9 of this chapter. The county auditor shall date the certificate the day that the county executive acquires the lien." Ind. Code § 6-1.1-24-6(b). "When a county executive acquires a certificate under this section, the county executive has the same rights as a purchaser." *Id.* The county executive may sell the certificate to the public, Ind. Code § 6-1.1-24-6.1, but there is no indication that happened here.

court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale.

Americhina filed an objection, which does not appear in the record because neither Americhina nor the trial court clerk has a copy of it. In August 2016, the trial court issued an order granting the Auditor's petition.

[4] Americhina filed a motion to set aside the order, which was denied, as well as a motion to reconsider, which was also denied. In May 2018, Americhina filed a motion to correct error. In June 2018, Americhina, by new counsel, filed a motion to supplement its motion to correct error, in which it argued for the first time that because the tract was not purchased at auction, only the county executive, i.e., the Mayor of Indianapolis,[3] had "jurisdiction" to petition for the tax deed under Section 6-1.1-25-4.6, and therefore the Auditor's petition is void. Appellant's App. Vol. 3 at 35. After a hearing, the trial court issued an order summarily denying Americhina's motion to correct error. This appeal ensued.[4]

## Discussion and Decision

[5] Americhina contends that the trial court erred in denying its motion to correct error. "We review rulings on motions to correct error for an abuse of

---

[3] *See* Ind. Code §§ 6-1.1-23.9-1(2) (defining "county executive" for purposes of Indiana Code Chapter 25 in pertinent part as, "[i]n a county containing a consolidated city [i.e., Marion County and Indianapolis], the executive of the consolidated city"), 36-1-2-5(3) (defining "executive" in pertinent part as "mayor of the consolidated city, for a county having a consolidated city").

[4] In an apparently preemptive argument, Americhina asserts that its appeal is timely because the trial court's ruling on its motion to correct error is the only final appealable order that has been issued thus far. The appellees do not argue otherwise, and we agree.

discretion. An abuse of discretion occurs if the trial court's decision was against the logic and effect of the facts and circumstances before the court or if the court misapplied the law." *Harr v. Hayes*, 106 N.E.3d 515, 521 (Ind. Ct. App. 2018) (citation omitted), *corrected on reh'g*, 108 N.E.3d 405.

[6] Specifically, Americhina argues that because the tract was not purchased at auction, only the county executive (or his assignee[5]) could file a petition for tax deed pursuant to Section 6-1.1-25-4.6(a); thus, the Auditor was "without jurisdiction" to file the petition, which is therefore void. Appellant's Br. at 21 (quoting *Ind. Asphalt Paving Co. v. Grand Lodge, Knights of Pythias*, 96 Ind. App. 300, 307, 170 N.E. 85, 87 (1933), *trans. denied* (quoting *City of Bluffton v. Miller*, 33 Ind. App. 521, 522, 70 N.E. 989, 990 (1904) ("If the municipality attempts some other method than that provided by the statute, or goes beyond the authority given, to that extent it is without jurisdiction and its acts are void."")). Americhina further argues that "[a] void action is subject to collateral attack at any time." *Id.* (quoting *Mies v. Steuben Cty. Bd. of Zoning App.*, 970 N.E.2d 251, 258 (Ind. Ct. App. 2012), *trans. denied*).

[7] We need not address the merits of Americhina's argument regarding the interpretation of Section 6-1.1-25-4.6[6] because Americhina (and the cases it

---

[5] The appellees concede that the Auditor is not the county executive's assignee. Appellees' Br. at 18.

[6] At one time, the statute specifically authorized the county auditor to petition for a tax deed. *See, e.g.*, Ind. Pub. Law 83-1989 § 15 ("At any time within five (5) months prior to the expiration of the time of redemption from the sale (as specified in section 4 of this chapter), the purchaser or the purchaser's assignee may (or, in a county having a consolidated city or only two (2) second class cities, the county auditor shall) file a verified

relies on) have conflated the concepts of jurisdiction and statutory authority. In 2006, the Indiana Supreme Court clarified that "there are only two types of jurisdiction in Indiana: subject matter and personal." *HRC Hotels, LLC v. Metro. Bd. of Zoning App. Div. II*, 8 N.E.3d 203, 206 (Ind. Ct. App. 2014) (citing *K.S. v. State*, 849 N.E.2d 538, 540 (Ind. 2006)). "Subject matter jurisdiction is the power to hear and determine cases of the general class to which any particular proceeding belongs. Personal jurisdiction requires that appropriate process be effected over the parties." *K.S.*, 849 N.E.2d at 540. Where these two exist, a court's decision may not be set aside through collateral attack. *Id*.

[8] "Attorneys and judges alike frequently characterize a claim of procedural error as one of jurisdictional dimension." *Id*. at 541. "*Real* jurisdictional problems would be, say, a juvenile delinquency adjudication entered in a small claims court, or a judgment rendered without any service of process. Thus, characterizing other sorts of procedural defects as 'jurisdictional' misapprehends the concepts." *Id*. at 542. "Alleged non-jurisdictional procedural errors are waived if not raised at an appropriate time." *Johnson Cty. Rural Elec. Membership Corp. v. S. Cent. Ind. Rural Elec. Membership Corp.*, 883 N.E.2d 141, 145 (Ind. Ct. App. 2008). "[A] party who was asleep at the wheel has a powerful incentive to couch a claim of procedural error as a jurisdictional defect either to circumvent the doctrine of waiver or to open up an avenue for

---

petition in the same court in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax deed if the real property is not redeemed from the sale."). In 2006, however, the legislature shifted that authority to the county executive, where it remains. Ind. Pub. Law 169-2006 § 30.

collateral attack." *R.L. Turner Corp. v. Town of Brownsburg*, 963 N.E.2d 453, 457 (Ind. 2012).

[9]     A number of cases decided after *K.S.* "have made clear that failure to follow statutory guidelines for initiating a particular action do[es] not affect subject matter jurisdiction, so long as the action was filed in the proper court for such an action." *Blackman v. Gholson*, 46 N.E.3d 975, 979 (Ind. Ct. App. 2015) (citing *Fight Against Brownsburg Annexation v. Town of Brownsburg*, 32 N.E.2d 798, 805 (Ind. Ct. App. 2015)). Likewise, here, the Auditor's alleged failure to follow the statutory guidelines for filing a petition for tax deed did not affect the trial court's uncontested subject matter or personal jurisdiction in this case. Assuming, without deciding, that the Auditor was without statutory authority to file the petition, Americhina waived its challenge by raising the issue for the first time in its motion to supplement its motion to correct error. *See Brown v. Lunsford*, 63 N.E.3d 1057, 1061 (Ind. Ct. App. 2016) (holding that appellant waived claims of procedural error by "wait[ing] until she filed her motion to correct error to raise them") (citing *Troxel v. Troxel*, 737 N.E.2d 745, 752 (Ind. 2000)); *see also Covered Bridge Homeowners Ass'n, Inc. v. Town of Sellersburg*, 971 N.E.2d 1222, 1231-32 (Ind. Ct. App. 2012) (reframing alleged jurisdictional issue in annexation case as one of statutory authority in light of *K.S.* and subsequent cases), *trans. denied* (2013). Therefore, we affirm the trial court's denial of Americhina's motion to correct error.

Affirmed.

Bradford, J., and Tavitas, J., concur.